**KINNEY v. TRI-STATE TELEPHONE CO. et al. (No. 175-3199.)**

(Commission of Appeals of Texas, Section B. May 26, 1920.)

**1. Divorce ⬤⟶156 — Interlocutory judgment does not dissolve marriage.**

Interlocutory divorce order, "that when one year shall have expired after the entry of this interlocutory judgment a final judgment and decree shall be entered granting a divorce herein," etc., *held* not to have dissolved the bonds of matrimony.

**2. Judgment ⬤⟶216—"Interlocutory judgment" defined.**

A judgment which leaves something further to be determined and adjudicated by the court in disposing of the parties and their rights is "interlocutory."

[Ed. Note —For other definitions, see Words and Phrases, First and Second Series, Interlocutory Decree or Judgment.]

**3. Judgment ⬤⟶217—Requisites of a "final judgment" stated.**

A "final judgment" should contain the judicial ascertainment of the facts, together with the manner of their ascertainment and a recorded declaration of the court pronouncing the legal consequences upon the facts thus ascertained.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Decree or Judgment.]

**4. Marriage ⬤⟶40(6, 10)—Presumption that first wife has been divorced on proof of a second marriage.**

On proof that deceased had been married to both women claiming to have been his lawful wife at time of his death, the presumption, in absence of other proof, is that the subsequent marriage was lawful and that he had obtained a divorce from wife by first marriage; but such presumption is rebutted by proof that no divorce has been granted.

**5. Divorce ⬤⟶156—Final judgment after death of husband for whom interlocutory decree had been rendered held not valid.**

Where husband for whom interlocutory divorce judgment had been rendered died before entry of final judgment but after expiration of the year he was required to wait before final judgment could be entered, the final judgment where not entered nunc pro tunc had no validity as a judgment.

**6. Marriage ⬤⟶40(10)—Interlocutory divorce decree from first wife held to rebut presumption of validity of second marriage.**

In an action for death benefit, involving question of whether deceased's first or second wife was entitled thereto, evidence of interlocutory divorce judgment against first wife *held* to break down prima facie case for second wife established by proof of her marriage and to present issue as to whether deceased had married second wife without being divorced from first wife, in rebuttal of presumption of validity of second marriage; such judgment not severing bonds of matrimony with first wife and negativing any presumption that divorce had been obtained in any other jurisdiction.

**7. Appeal and error ⬤⟶1082(1)—Holding of Court of Civil Appeals as to inadmissibility of evidence held reviewable by Supreme Court.**

Holding of Court of Civil Appeals that judgment roll was inadmissible in evidence to prove no divorce had been granted from deceased's first wife, under allegation that she was his lawful wife at the time of his death, *held* reviewable by Supreme Court, being based upon a legal conclusion in contravention of established rule in the state.

**8. Marriage ⬤⟶39—Judgment roll held admissible under the pleadings to prove no divorce.**

In an action for death benefit involving issue of whether deceased's first or second wife was entitled thereto, judgment roll in divorce action against first wife *held* admissible to prove first wife was not divorced, under allegation that she was his lawful wife at time of his death.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Action by Elsie Kinney and another against the Tri-State Telephone Company, in which Nellie Kinney intervened. Judgment for intervener was reversed and judgment was rendered for named plaintiff by Court of Civil Appeals (201 S. W. 1180), and intervener brings error. Judgment of Court of Civil Appeals reversed, and that of trial court affirmed.

Charles H. Haines, of Denver, Colo., and Archibald Dorman, and Joseph M. Nealon, both of El Paso, for plaintiff in error.

⬤⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Jno. T. Hill, Leigh Clark, Dell W. Harrington, and Turney, Culwell, Holliday & Pollard, all of El Paso, for defendants in error.

SADLER, P. J. This case is before us upon writ of error to the judgment of the Court of Civil Appeals, in which the judgment of the trial court is reversed and judgment rendered for the appellant, Elsie Kinney. 201 S. W. 1180. The statement and findings of fact by the Court of Civil Appeals are as follows:

"Elsie Kinney and Nellie O'Favenger brought this suit as the wife and mother of H. B. Kinney, deceased, against the Tri-State Telephone Company for $3,060, being the amount of a benefit fund in the latter's hands, due, under a plan of insurance to be hereinafter described, to them as the beneficiaries therein. Nellie Kinney intervened and claims the fund, alleging that she was the lawful wife of said Kinney, and, further, that she had not been divorced from deceased. The telephone company answered that it had the money; that, by the terms of the contract, it was payable, first to the wife of deceased, second to the children, and third to the dependent relatives, and that in the absence of either to lapse, tendered the money into court, to be paid to the party to whom the court determined by its judgment it should be paid. This appeal is from a judgment in favor of intervener, Nellie Kinney, for the entire fund.

"Findings of Facts.

"The findings of facts by the trial court are very lengthy, so we make such statement of the undisputed facts as are, in our judgment, pertinent to the issues raised by the assignments and counter propositions of appellee.

"Harry B. Kinney and Nellie Flaherty were married June 16, 1909, separated October 5, 1911, and never lived together afterwards. She continued to live in the state of Colorado to the date of the institution of this suit. March 26, 1914, he filed his complaint for divorce in the court of Los Angeles county, Cal. Service was had by delivering a summons to Nellie Kinney in Colorado, and on August 19, 1914, the following judgment was entered:

"'In the Superior Court of the State of California in and for the County of Los Angeles.

"'Harry B. Kinney, Plaintiff, vs. Nellie Kinney, Defendant. Interlocutory Judgment by Default in Action for Divorce.

"'This cause came on regularly to be heard the 19th day of August, 1914, before the said superior court, in department 5 thereof; Geo. S. Richardson appearing as attorney for plaintiff herein, and no one appearing for said defendant. And it appearing that the defendant was duly served with process herein, and said defendant not having answered plaintiff's complaint herein, within the time provided by law or otherwise; and the default of the defendant for not answering the said complaint having been duly entered herein in the manner provided by law; and evidence having been introduced on behalf of said plaintiff at said hearing of this cause; and said cause having been submitted to the court for its consideration and decision:

"'Now therefore said court, having duly considered the same, makes its findings of fact and decision as follows. The court finds that all of the allegations contained in the complaint are true, and that a divorce ought to be granted as prayed for in said complaint. Wherefore it is hereby ordered, adjudged, and decreed that the said plaintiff is entitled to a divorce from the defendant; that when one year shall have expired after the entry of this interlocutory judgment a final judgment and decree shall be entered granting a divorce herein, wherein and whereby the bonds of matrimony heretofore existing between said plaintiff and said defendant shall be dissolved, and at that time the court shall grant such other and further relief as may be necessary to complete disposition of this action.

"'Done in open court this 19th day of August, A. D. 1914.     Charles Wellborn, Judge.'

"On November 14, 1914, Harry B. Kinney and Elise Kinney were married and lived together as husband and wife to his death. She believed that he had obtained a divorce, though she later and before his death, found and read the above decree. Concerning the matters next above she testified:

"'We became engaged some time about the first of December, 1912. I knew he had been married. He told me he had been married and he intended getting a divorce when I first met him—when I had known him about a week. I learned that he actually instituted a suit for divorce. I did not understand that an interlocutory decree had been entered before our marriage. I did not know anything about what happened to the case. I thought I knew he had been divorced because he told me he had. I did not see a copy of the decree before we were married, but I did before Harry's death see a copy of the interlocutory decree. I read it. It was about December 1, 1912, when we became engaged. That was during his first trip to Raton.'

"On January 14, 1916, Harry B. Kinney was accidentally killed while in the service of the telephone company.

"On February 10, 1916, deceased's attorneys of record appeared in the court of Los Angeles, and upon motion the above decree was made final by the following decree:  *  *  *

"'Harry B. Kinney, Plaintiff, vs. Nellie Kinney, Defendant.     Final Decree of Divorce.

"'This cause came on regularly to be heard the 19th day of August, A. D. 1914, Geo. S. Richardson appearing as attorney for plaintiff herein, and not any one appearing for said defendant, and said defendant having been duly served with summons and copy of complaint herein, and said defendant not having answered plaintiff's complaint herein within the time provided by law or otherwise, and the default of said defendant for not answering said complaint having therefore been duly entered herein in the manner provided by law, and evidence having been introduced on behalf of said plaintiff herein on said 19th day of August, A. D. 1914, and said cause having been submitted to the court for its consideration and decision, and the court having duly considered the same, filed its findings of fact and decision in writing therein on said 19th day of August, 1914, and on said 20th day of August, 1914, entered its interlocutory decree ordering and decreeing that upon

the expiration of the period of one year from the date of entry of said interlocutory decree a final judgment and decree be entered herein ordering and decreeing that the bonds of matrimony heretofore existing between said plaintiff and said defendant be dissolved, and freeing them and each of them from each and all of the obligations thereof, and said findings of fact and conclusions of law, and said interlocutory decree, having been duly filed and entered, and said period of one year having elapsed since the entry of said interlocutory decree, and no appeal having been taken from said interlocutory decree, and said interlocutory decree not having been modified or set aside, and the same being in full force and effect, and said plaintiff, Harry B. Kinney, through his attorney, Geo. S. Richardson, having in open court on this day, to wit, the 10th day of February, A. D. 1916, moved said superior court in and for the county of Los Angeles, is department 5 thereof, for a final order, judgment, and decree in accordance with said findings of fact and conclusions of law, and said interlocutory decree and said motion having been duly heard and no one appearing to contest the same, said motion was duly granted by said court, and said court having made its order that a final order, judgment, and decree be made and entered herein in accordance with said findings of fact and conclusions of law and said interlocutory decree:

" 'Now, therefore, it is hereby ordered and decreed that the bonds of matrimony heretofore existing between said plaintiff, Harry B. Kinney, and said defendant, Nellie Kinney, be and the same are hereby dissolved, and that said plaintiff and said defendant, and each of them, be and they are hereby freed from each and all of the obligations thereof.

" 'Done in open court this 10th day of February A. D. 1916.

" 'Charles Wellborn, Judge.'

"Nellie Kinney had known nothing of the whereabouts of her husband from October, 1912, until she learned of his death. She appeared in the court of Los Angeles by attorney by motion to set aside the two decrees, and her motion was overruled. She did not appeal.

"January 16, 1914, Harry B. Kinney went into the service of the Tri-State Telephone Company, and at this time it had in effect the plan of disability and death benefits to its employés as follows:

" 'Plan for Employés' Pensions, Disability Benefits and Death Benefits.

" 'Sec. 8. *Death Benefits.* (1) In the event of the death of any employé, resulting from accidental injury, on or after January 1, 1913, arising out of and in the course of employment by the company, there shall be payable to the employé's beneficiaries, as provided in paragraph 3 of this section (subject, however, to the conditions elsewhere imposed in these regulations), a death benefit which shall equal three years' wages, as hereinafter in this section defined, which shall in no case exceed five thousand dollars. In addition to the death benefit, the necessary expenses of the burial of the deceased employé, not exceeding one hundred and fifty dollars ($150.00), shall be paid from the fund. * * * (3) The death benefit, in case of an employé's death by either accident or sickness, shall be paid only to the wife (or husband) or dependent relatives of the employé, and such

payment shall be made in the following order: Provided, however, that upon written application of an employé, and good cause shown, the committee may authorize a change in such order of payment, but no persons other than the beneficiaries herein designated shall receive payment on account of such benefit: First, to the wife (or husband) of the employé. * * *'

"At the time Kinney entered the employment of the company he designated his mother as the beneficiary. After his marriage he, in the manner provided, designated Elsie Kinney as his beneficiary."

We, however, desire to add to the above the following additional statement:

The judgment roll in the case of Kinney v. Kinney in the superior court of the state of California for the county of Los Angeles was introduced in evidence by the plaintiff in error, over the objection made by defendants in error. Thereafter, and without any limitation as to its purpose, counsel for Elsie Kinney introduced and read in evidence the entire judgment roll in said cause. Dohoney v. Womack, 1 Tex. Civ. App. 354, 19 S. W. 883, 20 S. W. 950; Panhandle National Bank v. Emery, 78 Tex. 498, 15 S. W. 23; Sanger v. Craddock (Sup.) 2 S. W. 196. The uncontradicted evidence is that H. B. Kinney filed suit for divorce against Nellie in Colorado, and dismissed it on his own motion; that the Colorado and California suits were the only actions begun for divorce by H. B. Kinney. Nellie Kinney testified that she never had been divorced from H. B. Kinney; that she never had any notice of any other suits for divorce than as above stated; that she never sought to obtain a divorce from H. B. Kinney.

The trial court found these facts, and the Court of Civil Appeals does not make any finding of fact adverse to those by the trial court.

The uncontradicted evidence is that H. B. Kinney did not make any written application showing good cause for change of beneficiary as provided by the plan, and designated no beneficiary other than his lawful wife. The committee having charge of the management of the fund so found, Howard C. Vaille so testified, and the trial court so found.

The Court of Civil Appeals disposed of every assignment by appellants, and the case is before us solely upon the assignments raised by plaintiff in error in application for the writ of error.

The real parties to the appeal and to this writ of error are Elsie Kinney on the one part, and Nellie Kinney on the other; each claiming to be the lawful wife of H. B. Kinney at the date of his death. The Court of Civil Appeals rendered judgment in behalf of Elsie Kinney for the fund involved.

### Opinion.

As we construe the opinion of the Court of Civil Appeals, it is not a finding that the evi-

dence is insufficient to support the judgment of the trial court, or that the judgment is against the weight of the evidence. It is rather a holding that, although the judgment roll was introduced in evidence, yet, as a matter of law, it did not prove anything, and that therefore there was no evidence to sustain the judgment of the trial court; that on the uncontradicted facts which the evidence established in law Elsie Kinney should recover. The whole question, therefore, is with reference to the soundness of the propositions of law on which the Court of Civil Appeals bases its conclusion that there is no evidence to support the judgment of the trial court, and that the uncontradicted evidence authorizes the judgment which it renders.

The uncontradicted and undisputed facts are that H. B. Kinney married Nellie Flaherty June 16, 1909; that they separated October 5, 1911, and never thereafter lived together; that on August 19, 1914, in a divorce suit filed by H. B. Kinney against Nellie Kinney in California, an interlocutory order was entered which was not made final until February 10, 1916, subsequent to the death of Harry B. Kinney; that in 1914 H. B. Kinney married Elsie, and they lived together to his death.

The Court of Civil Appeals takes the position that the introduction of these orders of the California court does not constitute evidence which negatives the presumption of a lawful marriage between deceased and Elsie Kinney. In other words, that although this judgment roll is in evidence, yet that it has no probative force, because Nellie Kinney failed to plead the law of the state of California with reference to the effect of these orders; and further that, not having done so, it is presumed that the law of California with relation to the subject is the same as that of Texas.

[1] Whether we undertake to construe the effect of the court proceeding in California under the law of California or under the laws of Texas is, in our judgment, immaterial. In our opinion, under the laws of Texas the interlocutory judgment rendered August 19, 1914, possessed no power destructive of the relation existing between Nellie Kinney and H. B. Kinney until it later should be strengthened by a final judgment pronouncing the decision of the court with reference to the rights of the parties. The interlocutory order did no more than to announce the conclusion of the court on the value of the facts proved, and to determine that under those facts a divorce ought to be granted. The order does not of itself, either by its terms or under any known rule of interpretation, pronounce the judgment of the court dissolving the bonds of matrimony. It specially excludes the idea of its finality or definiteness as an adjudication of the final status of the parties. It provides:

"That when one year shall have expired after the entry of this interlocutory judgment a final judgment and decree shall be entered granting a divorce herein, wherein and whereby the bonds of matrimony heretofore existing between said plaintiff and said defendant shall be dissolved, and at that time the court shall grant such other and further relief as may be necessary to complete disposition of this action."

This order shows, therefore, on its face, that the court held within its bosom the final judgment to be rendered, and that it was postponed, subject to rendition of final decree at some future date.

[2, 3] As announced in Linn v. Arambold, 55 Tex. 611, Fitzgerald v. Evans, 53 Tex. 461, and Easthan v. Sallis, 60 Tex. 576, a judgment which leaves something further to be determined and adjudicated by the court in disposing of the parties and their rights is interlocutory. A final judgment should contain the judicial ascertainment of the facts, together with the manner of their ascertainment, and a recorded declaration of the court pronouncing the legal consequences upon the facts thus ascertained. To be a "final judgment," it must contain:

(a) "Declaration in the record of the decision or sentence of the law pronounced by the court upon the matter contained in the record."

Under the law of this state the first order entered in the divorce proceedings in California must be held inoperative to effect a dissolution of the existing bonds of matrimony between H. B. Kinney and Nellie Kinney.

This condition of affairs continued until after the death of H. B. Kinney. At the time of his death and during the preceding time that he lived with Elsie Kinney, he was the lawful husband of Nellie Kinney, unless there had been granted at some other time or place a valid decree of divorce. The uncontradicted evidence is that he made only two efforts to obtain a divorce from Nellie Kinney; one in Colorado, which he voluntarily dismissed, and the other in California, in the cause in which the interlocutory judgment was rendered. After the death of H. B. Kinney, an effort was made to make final the interlocutory decree which had been rendered in the California court, thereby recognizing that it was not final. This is a circumstance corroborative of the testimony of Nellie Kinney that she had never been divorced, and a recognition of the continuance of the marital relationship in the absence of the final decree.

[4] It is true that, without any other proof save that showing the marriage of Nellie Flaherty in 1909 and the marriage to Elsie in 1911, the presumption would be in behalf of a lawful act on the part of the deceased and that he had obtained a divorce before his marriage to Elsie. But when the prior marriage is shown, and the testimony is of-

fered showing that no divorce has ever been granted—taking the acts of the deceased with reference thereto which were extant as showing that they fell short of a divorce—an issue of fact was thereby presented in rebuttal of this presumption. The trial court found the facts against Elsie Kinney, and in our opinion under the law of Texas no other conclusion could have been drawn than the one which was found by the trial court.

[5] The final judgment rendered on February 10, 1916, was not a judgment nunc pro tunc. The judgment roll does not show it to be entered nunc pro tunc. It has no validity as a judgment.

To have maintained the plaintiff's cause of action, it was necessary for Elsie Kinney to show that she had been lawfully married to H. B. Kinney, and was his lawful wife at the date of his death. We assume that this may be shown prima facie by the facts, which disclose that she was married to him in 1914, and that she continued to live with him to the time of his death. It then became necessary for Nellie Kinney, in order to defeat the contention of Elsie, to show, not only that H. B. Kinney had been married prior to his marriage to Elsie, but that that marriage never had been dissolved. When Nellie showed by her evidence that H. B. Kinney married her prior to the time he married Elsie, and then introduced evidence showing without contradiction and undisputed that H. B. Kinney never had been divorced from her, she rebutted the presumption of law in favor of Elsie and destroyed by facts the effect of that presumption. The court found that she had done this.

[6] The Court of Civil Appeals does not hold that the evidence is insufficient to sustain the finding of the trial court in favor of Nellie Kinney. It holds that, although the proof was in, it constituted no evidence of the facts which it was intended to establish; that as a matter of law it proved nothing; that Nellie Kinney stood in the court having proved only one fact (the previous marriage); and that this fact was not sufficient to destroy the case made by Elsie. We cannot accede to this holding. We think the evidence sufficient in law to present the issue of no divorce. The only evidential effect —if it should be given any—of the final judgment in the California court, is to show a recognition of the inefficacy of the interlocutory judgment to dissolve the bonds of matrimony. It manifests a recognition of the fact that in the California court was pending the only divorce suit by H. B. Kinney; its effect is to negative any presumption that H. B. Kinney had obtained a divorce in some other jurisdiction.

The good faith of Elsie cannot affect the transaction, because the property involved in this litigation is not property which has been accumulated by the joint efforts of H. B. Kinney and Elsie during the purported marriage estate. It is rather a donation or bounty provided by the telephone company for the protection of specific beneficiaries. The fund clearly goes, not by designation of H. B. Kinney, but by virtue of the provision of the plan, to the lawful wife at the date of his death, whomsoever she may be.

We do not desire to be understood as holding that under the pleading in this case the laws of California could not have been introduced in evidence. That is a question that is immaterial to the disposition of the case, and upon which we express no opinion.

[7, 8] If the opinion of the Court of Civil Appeals can be construed into a holding that the judgment roll was not admissible in evidence because not pleaded, we are of opinion that, even then, the Supreme Court would have the right to review that holding, since it is based upon a legal conclusion in contravention of the established rule in Texas. It was necessary for Nellie Kinney to show that H. B. Kinney had never been divorced from her. She pleaded that fact, and pleaded that she was his lawful wife at the time of his death. This pleading raised the issue as to whether or not any divorce had ever been granted, and as a matter of law it was not necessary for her to plead her evidence.

There is no evidence in the record tending to show that H. B. Kinney ever endeavored to designate in accordance with the "plan" a beneficiary other than as contemplated by the designation specifically set forth in the plan. Clearly, the sole question at issue and decisive of the rights of the parties is as to who occupied the relationship of wife to H. B. Kinney at the date of his death. The trial court found, and we think properly, in favor of Nellie Kenney on that issue.

We think the judgment of the Court of Civil Appeals should be reversed, and that of the trial court affirmed.

PHILLIPS, C. J. We approve the judgment recommended in this case.