John H. COCKRELL, Appellant,

v.

CENTRAL SAVINGS AND LOAN ASSOCIATION, Appellee.

No. 05–90–00030–CV.

Court of Appeals of Texas, Dallas.

May 1, 1990.

S. Stewart Frazer, Johnette Oden, Dallas, for appellant.

Raymond V. Carroll, Jr., Dallas, for appellee.

Before ENOCH, C.J., and BAKER and WHITTINGTON, JJ.

## OPINION

PER CURIAM.

John H. Cockrell has appealed the trial court's summary judgment entered on November 20, 1989 (the November summary judgment). Central Savings and Loan Association argues that the trial court entered a final summary judgment on July 12, 1989 (the July summary judgment); therefore, Cockrell's appeal is untimely. After reviewing the parties' jurisdictional briefs, this Court holds that the July summary judgment was final, that Cockrell's subsequent amended counterclaim constituted a second, independent suit, albeit filed under the same cause number as the first suit, and that the November summary judgment is final as to this second suit. However, in the course of determining this Court's jurisdiction, this Court has determined that the November summary judgment is clearly erroneous. We reverse the November summary judgment and remand that case for a new trial.

## PROCEDURAL FACTS

Central sued Cockrell for a deficiency judgment on five adjustable rate notes. Cockrell asserted counterclaims against Central based on: (1) breach of an implied duty of good faith and fair dealing; and (2) breach of fiduciary duty. Central moved for summary judgment on its entire claim against Cockrell and "as to all counterclaims asserted by Cockrell." Central specifically addressed why summary judgment against each of Cockrell's two claims was warranted. On July 12, 1989, the trial court granted Central's motion for summary judgment. The July summary judgment awards Central damages, attorney's fees, interest, and costs. The July summary judgment does not specifically order that Cockrell take nothing on his counterclaims.

On October 11, 1989, after the time for appealing the July summary judgment had expired, Cockrell filed an amended counterclaim under the same cause number. This pleading, in addition to the above two claims, asserted a Deceptive Trade Practices Act claim. It was Cockrell's contention that because the July summary judgment

did not expressly dispose of his counterclaims, the July summary judgment was not final. Without the benefit of any further pleadings from Central, the trial court entered a "final summary judgment" on November 20, 1989. This November summary judgment recites:

On June 12, 1989 [actually it was July 12, 1989] the Court entered an "ORDER GRANTING [CENTRAL'S] MOTION FOR SUMMARY JUDGMENT" ("ORDER"). However, a dispute has arisen as to whether said "ORDER" adequately disposed of [Cockrell's] Counterclaim because the "ORDER" did not expressly mention the counterclaim.... 

On August 18, 1989, [Central] wrote the Court a letter asking for a conference regarding the dispute as to whether the "ORDER" was intended to include the Counterclaim.

On October 11, 1989, [Cockrell] filed [Cockrell's] First Amended Counterclaim.

On October 12, 1989, after hearing argument of Counsel, the Court has concluded that it intended to enter Judgment against [Cockrell's] Counterclaim, and because the June 12, 1989 "ORDER" may have failed to dispose of all the issues and all the parties, it is now necessary to make this Final Summary Judgment.

This November summary judgment thereafter expressly orders that Cockrell take nothing on his counterclaim and regrants Central's motion for summary judgment and orders the appropriate dollar amounts.

## ANALYSIS

### The July Summary Judgment

■ The first issue is whether the July summary judgment was a final judgment. "A summary judgment, unlike a judgment signed after a trial on the merits, is presumed to dispose of only those issues expressly presented, not all issues in the case." *City of Beaumont v. Guillory*, 751 S.W.2d 491, 492 (Tex.1988). Because Central's motion for summary judgment expressly presented all the live issues, including the Cockrell counterclaims, the July summary judgment is presumed to have disposed of the entire case.

The difficulty with the present case is that although the motion for summary judgment squarely placed Cockrell's counterclaims before the court and although the trial court expressly granted the motion for summary judgment, the summary judgment itself does not expressly order that Cockrell take nothing on his counterclaims. Where, as in the present case, a motion for summary judgment expressly encompasses both claims and counterclaims, we hold that an order granting the motion in its entirety grants a take-nothing summary judgment on the counterclaims. Had the trial court intended to deny the motion for summary judgment on the counterclaims, it would have granted the motion in part and denied the motion in part. *See Schlipf v. Exxon Corp.*, 644 S.W.2d 453, 454–55 (Tex. 1982) (per curiam on motion for reh'g). This the trial court did not do.

Cockrell argues that in order for a summary judgment to be final, it must dispose of all issues and parties and if the order fails to specifically do so it is interlocutory. *Teer v. Duddlesten*, 664 S.W.2d 702, 703 (Tex.1984). Cockrell argues that because the July summary judgment does not specifically dispose of the counterclaims, *Teer* applies. We disagree. The general rule set forth in *Teer* applies in the procedural context of *Teer*, but the procedural context of *Teer* is distinguishable from the procedural context of the present case. In *Teer*, the motion for summary judgment did not embrace the case in its entirety. *Teer*, 664 S.W.2d at 703; *see also Chase Manhattan Bank, N.A. v. Lindsay*, 787 S.W.2d 51 (Tex.1990) (per curiam on motion for reh'g); *Baker v. Yeager*, 728 S.W.2d 895, 896 (Tex. App.—Houston [1st Dist.] 1987, no writ); *Tingley v. Northwestern Nat'l Ins. Co.*, 712 S.W.2d 649, 649–50 (Tex.App.—Austin 1986, no writ); *Springwoods Shopping Center, Inc. v. University Sav. Ass'n*, 610 S.W.2d 177, 178 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.); *Hibbard Office World, Inc. v. Jay*, 580 S.W.2d 55, 56 (Tex.Civ.App.—Tyler 1979, no writ); *Dixon v. Shirley*, 531 S.W.2d 386, 387–88 (Tex.Civ.App.—Corpus Christi 1975), *writ*

*ref'd n.r.e. per curiam,* 545 S.W.2d 441 (Tex.1976). Here, Central's motion squarely placed its claims *and* Cockrell's counterclaims before the court.

Cockrell also cites *Hunt Oil Co. v. Moore,* 639 S.W.2d 459 (Tex.1982) (per curiam), for the proposition that a summary judgment that does not dispose of all the parties and issues is interlocutory. That case is also distinguishable. In *Hunt Oil Co.,* although the motions for summary judgment encompassed the entire case, the summary judgment itself expressly reserved one issue for later determination. *Id.* at 458. The July summary judgment reserves nothing for later determination. We hold that the July summary judgment disposes of both Central's claims and Cockrell's counterclaims and that the July summary judgment was final. Because the time for appealing the July summary judgment has expired, we are without jurisdiction to review it.

### The Second Suit

■ Since we determine that the July summary judgment was final, the next question is what effect that holding has on Cockrell's subsequent amended counterclaim. Where a trial court enters a final judgment, a party thereafter files an amended petition, and the trial court enters a second judgment based upon the amended petition, two distinct cases under the identical cause number result. *Leach v. Brown,* 156 Tex. 66, 292 S.W.2d 329, 331 (1956); *see also Loomis Land & Cattle Co. vs. Wood,* 699 S.W.2d 594, 596 (Tex.App.—Texarkana 1985, writ ref'd n.r.e.); *Cox v. Cox,* 609 S.W.2d 888, 889–90 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ). Cockrell's amended counterclaim constitutes a pleading initiating a second, distinct suit.

### The November Summary Judgment

■ The November summary judgment is final because it disposes of all the issues presented in Cockrell's amended counterclaim. However, the parties and the trial court proceeded on the assumptions that the pleadings filed in the first case could be used in the second case and that Central's motion for summary judgment, filed and ruled upon in the first case, was still viable. Both of these assumptions are incorrect. Central's motion for summary judgment was clearly filed in the first case. After Cockrell filed his amended counterclaim, which we have held constituted the initiation of a second, independent suit, neither party filed a motion for summary judgment. Motions filed in one suit may not be used in a second, separate suit. *See Philbrook v. Berry,* 683 S.W.2d 378, 379 (Tex.1985) (action severed, motion filed under wrong cause number). Furthermore, assuming that the motion was somehow transferable, because the July summary judgment disposed of the motion in its entirety, it was no longer a live motion. *See A.G. Solar & Co. v. Nordyke,* 744 S.W.2d 646, 647 (Tex.App.—Dallas 1988, no writ). Where parties or issues are not presented to the trial court in a motion for summary judgment, it is error for the trial court to dispose of the unpresented parties or issues. *See Teer,* 664 S.W.2d at 705. Because the November summary judgment is not based upon any motion, it is clearly erroneous.

### DISPOSITION

We determine we have jurisdiction over the November summary judgment. However, in determining this Court's jurisdiction, we have concluded that the November summary judgment is clearly erroneous. Additional briefing by the parties would only cause unnecessary expense and delay. In the interests of judicial economy, without further briefing by the parties, we reverse the trial court's judgment and remand the case to the trial court. *Teer,* 664 S.W.2d at 705; *cf. Dixon,* 531 S.W.2d at 388 (dismissal).