**Claude R. McCLENNAHAN, Jr., Appellant,**

v.

**FIRST GIBRALTAR BANK, F.S.B., Appellee.**

**No. 05–89–01337–CV.**

Court of Appeals of Texas, Dallas.

June 11, 1990.

Anthony A. Petrocchi, Christopher M. Weil, Weil & Petrocchi, P.C., Dallas, for appellant.

Margaret L. Vandervalk, Akin, Gump, Strauss, Hauer & Feld, Dallas, for appellee.

Before ENOCH, C.J., and WHITHAM and WHITTINGTON, JJ.

## OPINION

ENOCH, Chief Justice.

First Texas Savings Association sued Claude R. McClennahan on his guaranty of two promissory notes. First Gibraltar Bank, F.S.B., as successor to First Texas, was substituted as plaintiff. McClennahan asserted several affirmative defenses and counterclaims. The trial court entered summary judgment for First Gibraltar. At oral argument, McClennahan challenged this court's jurisdiction of this appeal, and argued that the trial court's summary judgment was not a final judgment because it failed to dispose of his counterclaims. We agree with McClennahan that the trial court's judgment is interlocutory. Accordingly, we dismiss this appeal for want of jurisdiction.

■ Because of its fundamental nature, the question of a court's jurisdiction, once raised, must be addressed. *Marshall v. Brown*, 635 S.W.2d 578, 580 (Tex.App.— Amarillo 1982, writ ref'd n.r.e.). If this court has no jurisdiction of this appeal, then the appeal must be dismissed. *Marshall*, 635 S.W.2d at 581.

■ To be appealable, an order must be final.[1] *Teer v. Duddlesten*, 664 S.W.2d 702, 703 (Tex.1984) (on motion for reh'g). A judgment is a final judgment if it disposes of all the remaining claims of all the parties involved so that no future action by the trial court is necessary to conclude the case. *Id.* Having failed to dispose of any pending claim leaves the judgment, no matter how entitled, interlocutory. *In re Marriage of Johnson*, 595 S.W.2d 900, 902 (Tex.Civ.App.—Amarillo 1980, writ dism'd w.o.j.).

1. Some interlocutory orders are appealable as provided by statute, but we are not presented with such an order in this case.

2. The concurring opinion agrees with the result reached by the majority and further agrees in toto with the rationale. The point of the concurring opinion is to "reach out and touch" *Cockrell v. Central Savings & Loan Association*, 788 S.W.2d 221 (Tex.App.—Dallas 1990, no writ). The judgment in *Cockrell* reads in pertinent part:

■ The trial court's summary judgment reads in relevant part:

## FINAL SUMMARY JUDGMENT

On June 30, 1989, came on for consideration the Motion for Summary Judgment of First Gibraltar Bank, F.S.B., and the Court having considered same and the matters on file before the Court and the argument of counsel for both parties, is of the opinion that the Motion is well taken and that Plaintiff First Gibraltar Bank, F.S.B. is entitled to final summary judgment.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that Plaintiff First Gibraltar Bank, F.S.B. recover of and from Defendant Claude R. McClennahan, Jr. the sum of $3,537,322.27, together with prejudgment interest in the sum of $537,554.94, for a total of $4,074,-877.10, all of which shall bear interest at the rate provided by law from this date forward until paid;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiff First Gibraltar Bank, F.S.B. recover of and from Defendant Claude R. McClennahan, Jr. the sum of $100,000 in attorneys' fees; and should this case be appealed to the Texas Court of Civil Appeals, the additional sum of $10,000; and should this case be appealed to the Supreme Court of Texas, the additional sum of $5,000; as well as all costs of court expended herein by Plaintiff. Let execution issue for all of the aforementioned sums.

Although the motion before the court presented all pending claims, the summary judgment grants only the affirmative relief First Gibraltar sought. The summary judgment is silent on McClennahan's counterclaims.[2] An order granting summary

IT IS THEREFORE ORDERED, ADJUDGED and DECREED by this court that the Motion for Summary Judgment of the Plaintiff be and the same is hereby granted,....

There is no question that the *Cockrell* judgment granted plaintiff's motion in its entirety. There is no language in the judgment in this case where the court "grants," "adjudges," or "decrees" a judgment on the motion. In fact, the

judgment as to one claim but not disposing of a counterclaim is an interlocutory judgment. *Chase Manhattan Bank, N.A. v. Lindsay,* 787 S.W.2d 51, 52 (1990) (per curiam on motion for reh'g). We conclude, therefore, that the trial court's summary judgment is interlocutory and non-appealable.

The appeal of First Gibraltar is DISMISSED for want of jurisdiction.

WHITHAM, J., concurs.

WHITHAM, Justice, concurring.

I concur in the result. First Texas Savings Association brought this action to collect on appellant Claude R. McClennahan's guaranty of two promissory notes. As a result of First Texas' insolvency, appellee, First Gibraltar Bank, F.S.B., intervened and was substituted as plaintiff. McClennahan asserted a variety of "lender liability" defenses and counterclaims grounded on the federal law defenses sometimes referred to as *D'Oench* or section 1823(e) defenses. *See D'Oench, Duhme & Co. v. FDIC,* 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942); *see also* Federal Deposit Insurance Act of 1950, as amended 12 U.S.C. § 1823(e). The trial court entered summary judgment in First Gibraltar's favor as quoted below. At oral argument, McClennahan for the first time challenged this court's jurisdiction of this appeal. McClennahan argued that the trial court's summary judgment was not a final judgment but interlocutory only. McClennahan pointed out that the summary judgment failed to dispose of his counterclaims. I agree with McClennahan that the trial court's judgment is interlocutory. Accordingly, I agree that we dismiss this appeal for want of jurisdiction. I write to express my views on why we must dismiss this appeal for want of jurisdiction.

Because oral argument suggested a jurisdictional question to this court, I conclude that we must dispose of the question of our jurisdiction. A court must notice, even sua sponte, the matter of its own jurisdiction, for jurisdiction is fundamental in nature and may not be ignored. *Marshall v. Brown,* 635 S.W.2d 578, 580 (Tex.App.—Amarillo 1982, writ ref'd n.r.e.). If the present case is an appeal over which we have no jurisdiction, then the appeal must be dismissed. *Marshall,* 635 S.W.2d at 581. To be appealable, an order must be a final judgment; an interlocutory order is not appealable unless specifically made so by statute. *Henderson v. Shell Oil Co.,* 143 Tex. 142, 143–44, 182 S.W.2d 994, 995 (1944). A final judgment is one that determines the rights of the parties and disposes of all the issues involved so that no future action by the trial court will be necessary in order to settle and determine the entire controversy. *Wagner v. Warnasch,* 156 Tex. 334, 338, 295 S.W.2d 890, 892 (1956). An interlocutory order leaves something further to be determined and adjudicated in disposing of the parties and their rights. *Kinney v. Tri–State Telephone Co.,* 222 S.W. 227, 230 (Tex.Comm'n App.1920, judgm't adopted).

Omitting formal parts, the trial court's summary judgment reads:

### FINAL SUMMARY JUDGMENT

On June 30, 1989, came on for consideration the Motion for Summary Judgment of First Gibraltar Bank, F.S.B., and the Court having considered same and the matters on file before the Court and the argument of counsel for both parties, is of the opinion that the Motion is well taken and that Plaintiff First Gibraltar Bank, F.S.B. is entitled to final summary judgment.

concurring opinion, without any basis in law, has to "assume" that the language in the summary judgment before the Court in this case, which recites that the "motion is well taken and that First Gibraltar is entitled to a final judgment," has the same force as, "the Motion for Summary Judgment ... is ... granted," in an attempt to get at *Cockrell.* On this score, we do not equate, nor have we found any other court

equating, a recital by a court that "the motion is well taken" with a decree by a court that "the motion is granted." To the contrary, cases are legion on the difference between recitations in a judgment and its "decrees." *See, e.g., Ellis v. Mortgage & Trust, Inc.,* 751 S.W.2d 721, 724 (Tex.App.—Fort Worth 1988, no writ); *Chandler v. Reder,* 635 S.W.2d 895, 897 (Tex.App.—Amarillo 1982, no writ) (op. on reh'g).

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that Plaintiff First Gibraltar Bank, F.S.B. recover of and from Defendant Claude R. McClennahan, Jr. the sum of $3,537,322.27, together with prejudgment interest in the sum of $537,554.94, for a total of $4,074,877.10, all of which shall bear interest at the rate provided by law from this date forward until paid;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiff First Gibraltar Bank, F.S.B. recover of and from Defendant Claude R. McClennahan, Jr. the sum of $100,000 in attorneys' fees; and should this case be appealed to the Texas Court of Civil Appeals, the additional sum of $10,000; and should this case be appealed to the Supreme Court of Texas, the additional sum of $5,000; as well as all costs of court expended herein by Plaintiff. Let execution issue for all of the aforementioned sums.

For the purposes of this opinion, I assume, but do not decide, that the following language in the summary judgment, to wit: "the Court ... is of the opinion that the Motion is well taken and that Plaintiff First Gibraltar Bank, F.S.B. is entitled to final summary judgment" means that the trial court entered "an order granting the motion in its entirety" as that phrase is used in our prior decision in *Cockrell v. Central Savings and Loan Association,* 788 S.W.2d 221 (Tex.App.—Dallas, 1990, n.w. h.). For the reasons that follow, I would overrule *Cockrell.* In any event, the summary judgment in the present case "orders" that First Gibraltar have only the relief it sought in this action. Nowhere does the summary judgment provide that McClennahan take nothing on his counterclaims. Nowhere does the summary judgment refer to or mention issues pending in McClennahan's counterclaims. Moreover, the summary judgment fails to deny all

relief not otherwise granted.[1] An order granting summary judgment as to one claim but not disposing of all issues presented in a counterclaim is an interlocutory judgment. *Chase Manhattan Bank, N.A. v. Lindsay,* 787 S.W.2d 51, 52 (1990) (per curiam on motion for reh'g). To be final, a summary judgment must dispose of all parties and issues in a lawsuit. The presumption that a final judgment disposes of all parties and issues before the court after a trial on the merits does not apply to default judgments and summary judgments. *If a summary judgment does not refer to or mention issues pending in a counterclaim, then those issues remain unadjudicated.* *Chase Manhattan,* 787 S.W.2d at 52 (emphasis added and citations omitted). I conclude that the Supreme Court in *Chase Manhattan* has spoken in a way that does not permit efforts to "argue around" its teachings—"[i]f a summary judgment does not refer to or mention issues pending in a counterclaim, then those issues remain unadjudicated." *Chase Manhattan,* 787 S.W.2d at 52. Thus, the Supreme Court in no uncertain terms commands specificity in summary judgments in cases involving counterclaims.

In the present case, the summary judgment does not "refer to or mention" issues pending in McClennahan's counterclaims. Because the present order granting summary judgment does not mention or refer to all of the issues in McClennahan's counterclaims, it is interlocutory. *See Chase Manhattan,* 787 S.W.2d at 52. The finality of a summary judgment is not based on the severability of issues, parties, or causes of action. *Chase Manhattan,* 787 S.W.2d at 52. Therefore, even if McClennahan's counterclaims were not severable, this cannot transform the nature of the judgment from interlocutory to final. *See Chase Manhattan,* 787 S.W.2d at 52.

---

**1.** I express no opinion as to whether a judgment provision in the present case denying all relief not otherwise granted would render the judgment a final judgment. *See Sakser v. Fitze,* 708 S.W.2d 40 (Tex.App.—Dallas 1986, no writ). Thus, I do not ground my opinion on the absence of such language from the judgment in the present case. Instead, I base my opinion on the fact that nowhere does the summary judgment refer to or mention issues pending in McClennahan's counterclaims. Hence, heading the summary judgment with the words "FINAL SUMMARY JUDGMENT" is of no moment and determines nothing.

I conclude that the trial court's summary judgment was an interlocutory judgment and not a final judgment. I reach this conclusion because it did not dispose of all issues in the pending suit and the trial court did not sever McClennahan's claims against First Gibraltar from the rest of the case. Thus, I reason that the interlocutory judgment did not become a final judgment. *See Webb v. Jorns,* 488 S.W.2d 407, 408–09 (Tex.1972). Furthermore, the summary judgment is not made appealable by statute. The judgment is not one that (1) appoints a receiver or trustee; (2) overrules a motion to vacate an order that appoints a receiver or trustee; (3) certifies or refuses to certify a class in a suit brought under Rule 42 of the Texas Rules of Civil Procedure; (4) grants or refuses a temporary injunction or grants or overrules a motion to dissolve a temporary injunction as provided by Chapter 65; or (5) denies a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state. Tex.Civ. Prac. & Rem.Code Ann. § 51.014 (Vernon Supp.1990). Furthermore, the judgment is not one that denies a motion to arbitrate or stays arbitration. Tex.Rev.Civ.Stat.Ann. art. 238–2 (Vernon 1973). I conclude, therefore, that the trial court's summary judgment is interlocutory and non-appealable.

Thus, I conclude that this Court has no jurisdiction over the merits of the appeal. Consequently, we must dismiss First Gibraltar's appeal. Before doing so, however, I must consider this court's prior decision in *Cockrell.* In the present case, First Gibraltar's motion for summary judgment contained these paragraphs 7 and 8:

7. First Gibraltar is entitled to judgment that Defendant take nothing by his counterclaim. In his Counterclaim, McClennahan sets forth numerous claims of allegedly "wrongful conduct" engaged in by First Texas, and erroneously states that "First Gibraltar purports to be a successor in interest to the assets and liabilities of First Texas surround the transaction...." As shown by the Isaac Affidavit, First Gibraltar is the holder of the Promissory Notes in question and beneficiary of the attendant Guaranty Agreements, but did not assume or otherwise acquire any liabilities of First Texas that might be attendant to said Notes and/or Guaranty Agreements. Thus, First Gibraltar has no liability for any cause of action asserted in Defendant's Counterclaim.

8. The Promissory Notes and attendant Guaranty Agreements at issue in this litigation were acquired by First Gibraltar from FSLIC acting in its capacity as receiver for First Texas. Under federal common law and as a result of the estoppel doctrine established by the United States Supreme Court in *D'Oench, Duhme & Co. v. FDIC,* 315 U.S. 677 [447] [62 S.Ct. 676, 86 L.Ed. 956] (1942), Defendant and Counterplaintiff is precluded from asserting any defenses which do not appear on the books and records of the insolvent financial institution. None of the causes of action asserted by Counter–Plaintiff are of a type to survive the application of the *D'Oench, Duhme* doctrine. Thus, as successor-in-interest to FSLIC, First Gibraltar acquired the Notes with their attendant Guaranty Agreements free and clear of the causes of action asserted by McClennahan.

The existence of these paragraphs 7 and 8 of First Gibraltar's motion centers my attention on *Cockrell's* holding that "[b]ecause Central's motion for summary judgment expressly presented all the live issues, including the Cockrell counterclaims, the July summary judgment is presumed to have disposed of the entire case.... Where, as in the present case, the motion for summary judgment expressly encompasses both claims and counterclaims, we hold that an order granting the motion in its entirety grants a take-nothing summary judgment on the counterclaims." *Cockrell,* 788 S.W.2d at 223. I now conclude that *Cockrell* conflicts with the clear and unambiguous teaching of *Chase Manhattan* that "[i]f a summary judgment does not refer to or mention issues pending in a counterclaim, then those issues remain

unadjudicated." *Chase Manhattan*, 787 S.W.2d at 52. I reach this conclusion because *Cockrell*, contrary to *Chase Manhattan*, focuses upon the contents of the *motion* and not the contents of the *summary judgment*. I recognize that *Cockrell* holds that "an order granting the motion in its entirety grants a take-nothing summary judgment on the counterclaims." Nevertheless, I conclude that language in a summary judgment granting the motion for summary judgment in its entirety fails to meet the Supreme Court's required specificity of referring to or mentioning issues pending in a counterclaim.[2] Therefore, I conclude that in *Cockrell* the summary judgment did not refer to or mention issues pending in Cockrell's counterclaims. It cannot be disputed that *Chase Manhattan* commands this reference or mention in the summary judgment itself. Hence, on further study of *Chase Manhattan*, I conclude that *Cockrell* was incorrectly decided by this court. I would overrule *Cockrell*.

I agree that the appeal of First Gibraltar is dismissed for want of jurisdiction.

---

**2.** I do not ground my opinion in the present case on the absence of such language from the judgment in the present case. Again, I base my opinion on the fact that nowhere does the summary judgment in the present case refer to or mention issues pending in McClennahan's counterclaims.