# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00138-CR

**Danny Delgado Martinez, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT
### NO. CR2008-590, HONORABLE GARY L. STEEL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Danny Delgado Martinez guilty of aggravated sexual assault of a child and assessed punishment at fifty years' imprisonment. *See* Tex. Penal Code Ann. § 22.021(a)(1)(B) (West Supp. 2011). At a pretrial hearing, Martinez requested that the court appoint an expert to assist in his defense; the trial court denied the request. In his sole issue on appeal, Martinez argues that the trial court erred in denying his request for expert assistance. We affirm the judgment of the trial court.

## BACKGROUND

The complaining witness, D.M., is Martinez's biological daughter and was thirteen years old at the time of trial.[1] The incident giving rise to Martinez's conviction occurred on

---

[1] Unless otherwise noted, the facts recited herein are taken from the testimony and exhibits presented at trial.

October 16, 2003, when D.M. was seven years old. At that time, D.M. and her family were living with her maternal grandparents in New Braunfels. D.M. testified that on the night of the incident, she and her younger brothers were with Martinez in their parents' bedroom while their mother was at work. The children were lying on the bed when Martinez instructed her brothers to leave the room. Once her brothers had left the room, Martinez got on the bed with D.M. and pulled down her pants. D.M. testified that Martinez took off his pants and told her "this would be [their] little secret." He then got on top of her and "stuck his penis in [her] vagina." After the incident, D.M. left her parents' bedroom and went to her grandparents' bedroom for the rest of the night.[2] She did not tell anyone about the assault until July 27, 2005, when she told her mother, Julie Martinez.[3]

Julie testified that at the time of D.M.'s outcry she and Martinez were separated but had reached an agreement concerning Martinez's visitation with their three children. That July day, after Martinez had failed to pick up the children for an arranged visit, Julie and the children went to her parents' house for a family gathering. While there, D.M. gave Julie a note stating that she wanted to talk to her about her father; Julie initially asked D.M. to wait until after dinner to talk. A few minutes later, Julie found a second note that D.M. had placed on the kitchen counter next to her. The note stated, "Dad rapped [sic] me and he tried to do it again. That's why

---

[2] D.M. also testified that Martinez attempted to sexually assault her again approximately six months later. D.M. explained that during the spring of 2004, while visiting her father, Martinez again got on top of her. Anticipating another assault, D.M. started crying, at which point Martinez left her alone.

[3] Because D.M.'s mother, Julie Martinez, and appellant share the same last name, we will refer to D.M.'s mother by her first name to avoid confusion.

2

I don't want to be with him." After talking with D.M. privately about the incident, Julie took D.M. to the hospital. The hospital staff then contacted the New Braunfels Police Department, and upon their arrival, Julie reported the alleged assault to the police.

Martinez was subsequently indicted for aggravated sexual assault. The case was assigned cause number CR2006-118 and a trial, presided over by Judge Jack Robison, began on or about November 3, 2008. However, after the jury was unable to reach a verdict, the court declared a mistrial.[4] On December 10, 2008, Martinez was re-indicted for the same offense in a separate cause number, CR2008-590, the case now before this Court.[5] On December 12, 2008, counsel for Martinez filed an ex parte motion for the appointment of an expert in the prior cause number, CR-2006-118; Judge Robison denied the request the same day.[6] On December 15th, the court appointed counsel for Martinez in the new cause.[7]

In this case, a pretrial hearing was held on January 22, 2010. At the hearing, Martinez requested that the court appoint an expert to assist in his defense. Counsel for Martinez informed the presiding judge, Judge Steel, that Judge Robison had previously denied the same

[4] While the record from cause number CR2006-118 is not before this Court with regard to the merits of this case, both parties' discussion of the procedural background in their briefs includes this information.

[5] According to the State, cause number CR2006-118 was dismissed by the State at some point after Martinez's re-indictment.

[6] In this Court, Martinez has filed a supplemental clerk's record that includes his ex parte motion for the appointment of an expert, filed in cause number CR2006-118, and Judge Robison's order denying the same.

[7] The same defense counsel represented Martinez in both cause number CR2006-118 and cause number CR2008-590.

request in the prior case; counsel then asked the trial court to reconsider that ruling. The trial court denied Martinez's request, and on January 25, 2010, a jury trial began.

At trial, in addition to D.M. and Julie, the State called sexual abuse nurse examiner Christina Salley, who testified about her examination of D.M. in the week after the outcry. Salley acknowledged that her physical examination of D.M. did not reveal any indication of physical injury, but explained that such results are not uncommon and can be consistent with a finding that a sexual assault has occurred. Salley also testified about her interview of D.M., conducted just before her physical examination, in which D.M. told Salley about the assault. According to Salley, when she asked D.M. about the incident, D.M. suddenly became "very quiet and still," "hugging her stuffed animal," and "folded over in a chair over her body for several seconds." Salley explained that in conducting the interview she was, in part, looking for indications of psychological or emotional trauma to D.M. and that, in her opinion, D.M. had been sexually assaulted.

The jury also heard testimony from several witnesses presented by the defense, including witnesses who testified about the general well-being of D.M. since the time of the alleged assault. These witnesses, including D.M.'s school principal and paternal grandmother, testified about D.M.'s success in school, participation in extra-curricular activities, and apparent happiness around Martinez during family events in the months following October 2003. Martinez also testified in his defense and denied the allegations against him. At the close of the trial, the jury found Martinez guilty of aggravated sexual assault of a child. The jury then assessed punishment at fifty years in prison. This appeal followed.

**DISCUSSION**

In his sole issue on appeal, Martinez complains of the trial court's denial of his request for appointment of an expert to assist in his defense. According to Martinez, the mental and psychological makeup of D.M. and her behavior subsequent to the alleged incident were raised by both parties at trial. Specifically, he points out that Salley testified, based on DM's demeanor during her examination, that to a "medical certainty" D.M. had been sexually assaulted. Without an expert to rebut this testimony, Martinez argues, he was forced to rely solely on lay testimony concerning D.M.'s apparent well-being after the alleged abuse. Martinez contends that an expert in the field of psychiatry could have informed the jury of whether D.M.'s behavior following the alleged assault increased or decreased the actual probability that the alleged incident had taken place at all. Without this assistance, Martinez argues, he did not have a fair opportunity to present his defense.

The State counters that Martinez failed to preserve error on this issue before the trial court because no motion requesting an expert was filed by Martinez in the clerk's record in this case. Alternatively, the State claims, Martinez simply failed to meet his burden to demonstrate that an expert was necessary.

First, we address the State's contention that Martinez failed to adequately preserve the issue he raises on appeal. Generally, if a party fails to preserve an issue for appeal, this Court should not address the merits of that issue. *Ford v. State*, 305 S.W.3d 530, 533 (Tex. Crim. App. 2009); *but see Saldano v. State*, 70 S.W.3d 873, 887-88 (Tex. Crim. App. 2002) (noting that fundamental errors can be considered on appeal despite lack of objection, including some constitutional violations). To properly preserve an issue for appellate review, the record must show

5

that (1) the defendant timely presented the complaint to the trial court and (2) the trial court either ruled or refused to rule on the complaint. Tex. R. App. P. 33.1(a)(1). In addition, the complaint must be made sufficiently clear to provide the trial court and opposing counsel an opportunity to address the purported error. *Ford*, 305 S.W.3d at 533 (citing *Lankston v. State*, 827 S.W.2d 907 (Tex. Crim. App. 1992)).

Martinez's request for expert assistance was presented during a pretrial hearing the week before trial. On presenting the request for expert assistance, counsel for Martinez stated:

| COUNSEL: | The only thing that I would reurge, I guess, is a motion that I made a while back for an expert. Judge Robison denied it. I asked you to reconsider it and you said you wouldn't overrule any of his—his rulings. |
| | We would ask for it again. And if— and if you grant it, grant the request, we would ask for a continuance on that basis to protect our record here, Judge, because I think an expert was necessary in this case, but Judge Robison wasn't willing to do it so— |
| THE COURT: | That's denied. |

This exchange represents the entirety of the record on Martinez's request for appointment of an expert in this case. Though Martinez's counsel clearly raised the issue and obtained a ruling, he provided no explanation with regard to the reason for the request. However, we need not decide whether Martinez's request for the appointment of an expert was sufficient to apprise the Court and opposing counsel of his complaint. Assuming without deciding that we may consider Martinez's claim on appeal, we conclude that the trial court did not abuse its discretion in denying Martinez's request for appointment of an expert.

In *Ake v. Oklahoma*, the United States Supreme Court explained that the Due Process Clause of the Fourteenth Amendment requires that the State ensure an indigent defendant "access to the raw materials integral to the building of an effective defense." 470 U.S. 68, 76 (1985). On this premise, the Court held that an indigent defendant is entitled to the appointment of an expert when the defendant demonstrates to the trial court that there is a substantial need for the assistance of the expert in the case.[8] *See id.* at 83. A defendant's need for expert assistance may include assistance in establishing affirmative defenses, as well as assistance in preparing defensive strategies, such as exposing weaknesses in the State's proof or presenting alternative theories. *See Rey v. State*, 897 S.W.2d 333, 343 (Tex. Crim. App. 1995) (explaining that defendant's right to expert assistance was not limited to cases where expert is needed for issues on which defendant bears burden of proof). This does not mean that the State must "purchase for an indigent defendant all the assistance that his wealthier counterparts might buy." *Ake*, 470 U.S. at 77; *see Rey*, 897 S.W.2d at 337. Rather, the purpose of the appointment of an expert is to provide a level playing field between the State and the defendant. *Griffith v. State*, 983 S.W.2d 282, 286 (Tex. Crim. App. 1998).

In order to be entitled to expert assistance, a defendant must first make a sufficient preliminary showing that the requested expert assistance is necessary to address a significant issue at trial. *Rey*, 897 S.W.2d at 339; *Perales v. State*, 226 S.W.3d 531, 536 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). The burden to make this preliminary showing for expert assistance falls

---

[8] While *Ake* involved the appointment for a psychiatric expert to support an insanity defense, the Texas Court of Criminal Appeals has recognized that this constitutional requirement for expert assistance is not necessarily limited to the appointment of psychiatric experts. *Rey v. State*, 897 S.W.2d 333, 338 (Tex. Crim. App. 1995).

squarely on the defendant and requires more than just "undeveloped assertions that the requested assistance would be beneficial." *Williams v. State*, 958 S.W.2d 186, 192 (Tex. Crim. App. 1997) (citing *Caldwell v. Mississippi*, 472 U.S. 320, 323-24 n.1 (1985)). Instead, the defendant must explain his theories and describe with some specificity how an expert would be of assistance. *Id.* at 193. A defendant should support his motion with (1) affidavits or other evidence in support of the defensive theory, (2) an explanation as to what his defensive theory is and why expert assistance would be helpful in establishing that theory, or (3) a showing that there was reason to question the State's expert and proof. *Rey*, 897 S.W.2d at 341. We review a trial court's decision to deny an indigent defendant's request for expert assistance for an abuse of discretion. *See Griffith*, 983 S.W.2d at 287; *Perales*, 226 S.W.3d at 536. The reasonableness of the trial court's decision is determined as of the time it was made. *Rey*, 897 S.W.2d at 342 n.9.

The record of the pretrial hearing in this case shows that counsel for Martinez failed to explain, in any manner, the issues or theories in the case when making his request for appointment of an expert. Further, he did not explain why appointment of an expert would be helpful to his defense. No written motion or oral argument was presented to the trial court on the issue; no testimony was presented and no affidavits were submitted. From the record before us in this case, Martinez wholly failed to meet his burden to show that the appointment of an expert was necessary. *See id.* at 341.

In addition, Martinez's ex parte motion for the appointment of an expert filed in cause number CR2006-118, to the extent it was before the trial court in this case, also fails to establish that the appointment of an expert was necessary. Motions filed in prior cases are generally considered

outside the record, and it is unclear whether the trial court incorporated the ex parte motion from the prior case into the record in this case. *See Cockrell v. Central Sav. & Loan Ass'n*, 788 S.W.2d 221, 554 (Tex. App.—Dallas 1990, no writ) (noting that motions filed in one suit may not be used in second, separate suit); s*ee generally Few v. State*, 230 S.W.3d 184, 185 (Tex. Crim. App. 2007) (noting trial court's grant of motion to carry forward all motions, notices, records, and orders from separate cause number in prior indictment). At the pretrial hearing, counsel for Martinez reminded Judge Steel that the judge had previously stated that he "wouldn't overrule any of [Judge Robison's] rulings." While this suggests that the trial court may have previously indicated an intention to carry forward motions filed in the prior case, there is no record of any motion, order, or agreement to incorporate the motions in cause number CR2006-118, in whole or in part, into the record of this case. However, assuming without deciding that the ex parte motion was incorporated into the record in this case, we still conclude that Martinez failed to make the necessary preliminary showing for appointment of an expert.

In his ex parte motion for appointment of an expert, Martinez requests the appointment of an expert in the field of psychiatry "to assist in the preparation of a defense." In his ex parte motion, Martinez argues:

> Based on investigation in this case, the undersigned counsel knows that the State will be calling an expert witness to testify for the purpose of alleging that a sexual assault took place. Further, counsel knows there are a number of detailed and technical issues involving such an offense's effect on a child's emotional, physical, and academic well-being which must be investigated and explored. Counsel does not possess the knowledge or expertise to address all the issues involved in this investigation which it is believed can only be done properly and effectively through the use of an expert witness.

9

Martinez does not offer any explanation as to what Martinez's defensive theory is or why expert assistance would be helpful to the defense in establishing that theory, except to contend that the effect of the offense on the victim " must be investigated and explored." In addition, while Martinez explains in his ex parte motion that the State will be calling an expert witness, he does not explain why there is any reason to question the State's expert and proof. Finally, Martinez failed to attach any affidavits or other evidence to support his defensive theory to the motion, including any transcript of or reference to the testimony from the first trial. *See Rey*, 897 S.W.2d at 341. The arguments presented in Martinez's ex parte motion are no more than "undeveloped assertions" that the requested expert assistance will be beneficial. *Williams,* 958 S.W.2d at 192. Based on Martinez's ex parte motion for appointment of counsel and the transcript of the January 22nd pretrial hearing, we cannot say that the trial court abused its discretion in denying Martinez's request for appointment of an expert.

Martinez does not argue that he made the required preliminary showing at the pretrial hearing or in his ex parte motion. Rather, Martinez contends that the preliminary showing required for the trial court to grant his request for expert assistance was made in the testimony and closing statement of counsel at the first trial in cause number CR2006-118. On appeal, Martinez has filed a motion to supplement the record, requesting (1) that a reporter's record from the trial proceedings in cause number CR2006-118 be prepared at State expense and (2) that he be allowed to supplement the appellate record in this case with that reporter's record.

Although we have the discretion to allow supplementation of the record on appeal if something relevant is omitted from the clerk's or reporter's record, we decline to allow the

10

supplementation requested by Martinez in this case. *See* Tex. R. App. P. 34.5(c)(1), 34.6(d). Martinez had the burden of making a preliminary showing before the trial court in support of his request for expert assistance pursuant to *Ake*. *See Rey*, 897 S.W.2d at 339. Martinez also had the burden of making a record before the trial court and presenting that record on appeal in support of his allegations of error. *See Piotrowski v. Minns*, 873 S.W.2d 368, 371 (Tex. 1993) ("At every stage of the proceedings in the trial court, litigants must exercise some diligence to ensure that a record of any error will be available in the event that an appeal will be necessary."). With limited exception, this Court cannot consider matters outside the appellate record. *Nuby v. Allied Bankers Life Ins. Co.*, 797 S.W.2d 396, 398 (Tex. App.—Austin 1990, no writ). The appellate record consists of the clerk's record, and where appropriate, a reporter's record in the case. Tex. R. App. P. 34.1. Materials that are not filed with the district clerk as part of the record of the case are considered outside of the record. *Merchandise Ctr., Inc. v. WNS*, Inc. 85 S.W.3d 389, 394 (Tex. App.—Texarkana 2002, no pet.). Such materials cannot be made part of the appellate record by supplementation. *Id.*

In reviewing the trial court's decision to deny Martinez's request for expert assistance, this Court may only consider the testimonial evidence urged by Martinez to the extent it was before the trial court. There is no indication that the testimonial evidence that Martinez contends would support his request for expert assistance was ever before the trial court in this case. We cannot say that the trial court abused its discretion based on evidence that may never have been before it—evidence that Martinez had the burden to present. Accordingly, the trial testimony that Martinez wishes to supplement the record with is outside the record in this case, and his motion to supplement the record is denied.

11

## CONCLUSION

Based on the record before us, because Martinez failed to meet his burden to demonstrate that expert assistance was necessary in this case, the trial court did not abuse its discretion in denying Martinez's request for the appointment of an expert. Martinez's sole point of error is overruled. We affirm the judgment of conviction.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Pemberton and Henson

Affirmed

Filed:   February 16, 2012

Do Not Publish