The CHASE MANHATTAN BANK, N.A., Relator,

v.

The Honorable Tony LINDSAY, Judge of the 280th Court of Harris County, Texas, et al., Respondents.

No. C–9303.

Supreme Court of Texas.

April 4, 1990.

---

Steve Stewart, Collyn A. Peddie, Patricia B. Lehtola, Brett A. Perlman, Houston, for relator.

Joe H. Reynolds, Thomas D. Cordell, Houston, J. Bruce Bennett, Austin, W. James Kronzer, Jr., Houston, for respondents.

## ON MOTION FOR REHEARING

### PER CURIAM.

Respondents' motions for rehearing are overruled. The per curiam opinion of February 28, 1990 is withdrawn and the following is substituted.

The question in this original mandamus proceeding is whether a trial court's order granting summary judgment of an initial claim also disposed of all issues pending in a counterclaim not addressed in the order. A majority of this court answers no and holds that an order granting summary judgment as to one claim but not disposing of all issues presented in a counterclaim is an interlocutory judgment.

The lawsuit underlying this mandamus proceeding arose when the real parties in interest, Greenbriar North Section II, Fred Rizk Construction Company, Peninsula Trade Corporation, N.V., Ibrahim Trade Corporation, N.V., and Fred Rizk (Greenbriar), defaulted on a note held by Chase Manhattan Bank (Chase). After foreclosure and sale of the property securing the note, Chase brought a deficiency action against Greenbriar. Greenbriar filed a general denial and counterclaim alleging wrongful foreclosure, breach of contract, and breach of the duty of good faith and fair dealing. Greenbriar moved for summary judgment on Chase's deficiency claim. On December 30, 1988, the trial court granted Greenbriar's motion and signed the summary judgment which did not mention or refer to Greenbriar's counterclaims.

▪ After the trial court overruled Chase's motion to sever Greenbriar's counterclaims, Chase filed a notice of intent to take Fred Rizk's deposition. Rizk failed to appear. Chase filed a motion to compel appearance at the deposition and for sanctions. The trial court denied Chase's motion to compel stating that the December 30 order had disposed of all parties and issues before the court, and that the court had lost its plenary jurisdiction.[1] The trial

---

1. After the original presiding judge had resigned her office, Chase sought mandamus relief in the court of appeals. In an unpublished opinion, the court of appeals denied leave to file a peti-  tion for writ of mandamus on grounds that the December 30 order granting summary judgment disposed of all nonseverable claims, including Greenbriar's counterclaim. Based on the court

court's order conflicts with *Houston Health Clubs, Inc. v. First Court of Appeals,* 722 S.W.2d 692 (Tex.1986), *PHB, Inc., v. Goldsmith,* 539 S.W.2d 60 (Tex. 1976), and *Pan American Petroleum Corp. v. Texas Pacific Coal & Oil Co.,* 159 Tex. 550, 324 S.W.2d 200 (1959).

■ To be final, a summary judgment must dispose of all parties and issues in a lawsuit. *Teer v. Duddlesten,* 664 S.W.2d 702, 703 (Tex.1984). The presumption that a final judgment disposes of all parties and issues before the court after a trial on the merits does not apply to default judgments and summary judgments. *Houston Health Clubs, Inc. v. First Court of Appeals,* 722 S.W.2d 692, 693 (Tex.1986). If a summary judgment does not refer to or mention issues pending in a counterclaim, then those issues remain unadjudicated. *Baker v. Hansen,* 679 S.W.2d 480, 481 (Tex.1984); *PHB, Inc. v. Goldsmith,* 539 S.W.2d 60 (Tex.1976). Because the present order granting summary judgment does not mention or refer to all of the issues in Greenbriar's counterclaims, it is interlocutory.

■ Greenbriar erroneously asserts that a summary judgment disposes of all issues when pending counterclaims are not severable. A summary judgment may be granted on separate issues within a single cause of action. TEX.R.CIV.P. 166a(a). Such a summary judgment is partial and interlocutory until all of the issues are either adjudicated or ordered severed by the trial court. *Pan American Petroleum Corp. v. Texas Pacific Coal & Oil Co.,* 159 Tex. 550, 324 S.W.2d 200 (1959). The finality of a summary judgment is not based on the severability of issues, parties, or causes of action. *Id.* In the present case, a determination that Greenbriar's counterclaims were not severable could not transform the nature of the judgment from interlocutory to final.

Because the summary judgment is interlocutory, the trial court has jurisdiction to

order Fred Rizk to appear at deposition. The trial court's determination that its December 30, 1988 order disposed of all issues and parties is contrary to *Houston Health Clubs, Inc., PHB, Inc.,* and *Pan American Petroleum Corp.* and constitutes an abuse of discretion. Without oral argument and pursuant to Tex.R.App.P. 122, a majority of this court conditionally grants the writ of mandamus.

of appeals unpublished opinion, the current presiding judge, Judge Lindsay, has concluded that the court has lost plenary jurisdiction over the case. References in this opinion to the trial court's order encompass both the original judge's order holding that the December 30, 1988 order disposed of all issues and Judge Lindsay's subsequent refusal to take further action in the case.