IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00108-CV

 

In the
Interest of J.M., L.M., and K.M., Children

 

 

 



From the 361st District Court

Brazos County, Texas

Trial Court No. 07-001211-CV-361

 



ORDER










 

            This is an appeal of the termination
of the parental rights of both the mother and father of three children.  Tex. Fam. Code Ann. § 263.405 (Vernon Supp. 2007).  It is an accelerated appeal.  Id. § 263.405 (a).  The parents
have been determined to be indigent and counsel appointed to represent them. 
After the termination order, the required statement of points on appeal was
timely filed.  Id. § 263.405(b)(2).  The trial court timely held a
hearing, as will be more fully described below, on whether the points on appeal
were frivolous.  Id. § 263.405(d).  The trial court determined that the
points on appeal were frivolous and denied the parents’ requests for a free
record.  The legislature has provided specific details about the procedure we
must utilize to review this determination.  Id. § 263.405(g).  The clerk’s
record has been timely filed.  Id.  A portion of the reporter’s record
of the 30-day hearing has been filed but a portion is now overdue.  Id.  By this order we will clarify why a reporter’s record of other days of the
proceeding are included as part of the reporter’s record which is necessary in
this proceeding and require the Court reporter to file the remaining portions
of the reporter’s record within 10 days.

            The order of termination was signed on
 February 27, 2008.  It recites that it was rendered after hearing the case on
the 6th, 13th, 18th, and 22nd days of February 2008.  The “Statement of the
Points or Issues to be Presented on Appeal” for each parent was filed on March 10, 2008.  The “Notice of Appeal” for each parent was filed on March 13, 2008.  On the same date, a “Motion for a Free Reporter’s Record on Appeal” was filed with
an affidavit of indigence attached by the mother of the children, Brandy
Monroe.  Another affidavit of indigence by Brandy was filed on March 18, 2008.  On March 19, 2008 an Affidavit of Indigence of the father, Lonnie Monroe,
was filed.

            On March 19, 2008 the trial court held a hearing at which both parents were determined to be indigent and at which
the trial court denied the motion for a free record based on the determination
that the issues in the statement of points by both parents were frivolous.  The
order states as follows:  “On the 6th, 13th, 18th and 22nd days of February
2008, the Court held a hearing pursuant to Texas Family Code § 263.405(d). 
After considering the evidence presented both at trial and during this hearing
as well as the argument of counsel, [t]he court finds each of the issues
presented for review by Brandy Monroe are frivolous.”  An identical statement,
except for the name which is Lonnie Monroe, is contained in an order as to the
father.  We note that the dates listed in both orders are the same dates as the
trial on the merits of the case.

            We have received and filed the
reporter’s record from the March 19th hearing.  Because the trial court denied
a free record, we are required to review that determination based on the record
before the trial court at the frivolousness hearing.  And because the parties
in argument on March 19, 2008 expressly asked the trial court to recall
evidence from the earlier dates, and because the order expressly states that it
relied on the hearing on those dates, we must have the reporter’s record from
those dates to properly conduct our review.

The reporter’s record, other than the reporter’s
record for the hearing held on March 19, 2008, has not been filed and was due on March 30, 2008, 10 days after the trial court’s decision on the
indigence and frivolousness hearing.  See Tex. Fam. Code Ann. § 263.405(g) (Vernon Supp. 2007). 
Accordingly, the Court Reporter is ordered to file the reporter’s record from
the referenced hearing held on February 6, 13, 18, and 22, 2008 without advance payment.  See id. § 263.405(d).   The reporters for the dates were
as follows:  February 6, 2008—Diane Parker; February 13, 18, and 22—Kaetheryne Kyrielle.

These remaining portions of the reporter’s record
must be filed with this Court no later than 5:00 p.m. on April 15, 2008.  This
is not a grant of an extension but rather an order necessitated by the
reporter’s failure to timely file the record.  Cf. id. §
263.405(h).  We realize that this is a special procedure for this type of
proceeding that could easily have been overlooked by the reporter, but it is
the one specified by the Legislature.  See id. § 263.405(g). 
This order is not intended to be, and should not be construed as, a negative
reflection on the Court Reporter.

            If the remaining portions of the
reporter’s record are not timely filed in response to this order, this
proceeding will be abated for the trial court to hold a hearing to determine 1)
why the reporter’s record has not been filed; and 2) a date certain by which it
will be filed.

 

                                                                        PER
CURIAM

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

Order
issued and filed April 3, 2008

Do
not publish






 Dr. Lagomarsino and Medical Arts Clinic Association of Corsicana, a
corporation, alleging medical malpractice. He sued Dr. Lagomarsino individually and in his
representative capacity as agent of the corporation. Both defendants answered the suit and
participated in discovery.
      Carter alleged in an amended pleading that Dr. Lagomarsino was guilty of these acts of
negligence: (1) failing to consult with a qualified expert prior to performing the medical procedure
on November 23, 1990; (2) failing to properly and competently treat him; (3) failing to provide
proper medical care; and (4) failing to inform and advise him of the risks and hazards associated
with the medical procedures performed in November and December of 1990. He alleged that
Medical Arts Clinic, acting by and through Dr. Lagomarsino, was negligent in (1) failing to
employ necessary quality control standards to ensure that patients in the Clinic's care would
receive competent and qualified medical treatment from its staff; and (2) failing to obtain a second
evaluation of his condition before the two medical procedures were performed.
      Dr. Lagomarsino moved for a summary judgment based on his affidavit and the affidavit of
Dr. Schumann, and the court granted it. Carter argues that the court erred in doing so because
Dr. Lagomarsino failed to negate the cause of action based on the failure to disclose the risks and
hazards associated with the medical procedures performed on his left eye.
      To be final and appealable, a summary judgment must dispose of all parties and issues. Chase
Manhattan Bank, N.A. V. Lindsay, 787 S.W.2d 51, 53 (Tex. 1990). Furthermore, a summary
judgment must dispose of all issues within a single cause of action or it is interlocutory. Id. 
      The summary judgment in favor of Dr. Lagomarsino did not dispose of the cause of action
against the Clinic, and the record does not reflect a severance of the claims against the Clinic from
those against Dr. Lagomarsino. Furthermore, Dr. Lagomarsino never moved for a summary
judgment on Carter's cause of action based on the negligent failure to disclose and, without a
severance, this unadjudicated claim remains pending before the court. See id.
      The summary judgment is interlocutory. Accordingly, we dismiss the cause for want of
jurisdiction. 
 
                                                                   BOB L. THOMAS
                                                                   Chief Justice

Before Chief Justice Thomas,
      Justice Cummings, and
      Justice Vance
Dismissed for want of jurisdiction
Opinion delivered and filed April 13, 1994
Do not publish