NUMBER
13-10-00370-CV

 

COURT
OF APPEALS

 

THIRTEENTH
DISTRICT OF TEXAS

 

                                  CORPUS
CHRISTI - EDINBURG

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



MIRTA ZORILLA,                                                                          
Appellant,

 

v.

 

THE HOMEOWNERS OF PLAZAS
DEL LAGO, INC.,               Appellee.

 

 



On
appeal from the 139th District Court

of Hidalgo
County, Texas.

 

 



MEMORANDUM
OPINION

 

Before
Chief Justice Valdez and Justices Rodriguez and Perkes

Memorandum
Opinion by Chief Justice Valdez

 

            Appellant,
Mirta Zorilla, challenges the trial court’s summary judgment order on
attorney’s fees in favor of appellee, The Homeowners of Plazas Del Lago, Inc.
(“Homeowners”).  In her sole issue on appeal, Zorilla argues that the trial
court lacked jurisdiction to grant the Homeowners’ motion for summary judgment
on attorney’s fees.  We affirm.

I.             
Background

 

The dispute in this case stems from actions taken by the
Homeowners, an entity purporting to be the homeowners association for the
subdivision in which Zorilla lived, to prevent Zorilla from building a fence
surrounding her property on land that allegedly was subject to a twenty-five
foot express easement.  On December 28, 2005, Zorilla filed a declaratory-judgment
action and a request for injunctive relief against the Homeowners regarding the
erection of the fence.  The Homeowners subsequently filed an answer denying the
claims made in Zorilla’s December 28, 2005 filing and asserting counterclaims
against Zorilla for:  (1) dissolution of a temporary restraining order that
Zorilla procured and a forfeiture of a bond she secured; (2) an abatement of
nuisance; (3) statutory damages for Zorilla’s alleged breach of the restrictive
covenants of the subdivision; (4) a permanent injunction enforcing the
subdivision’s restrictive covenants; and (5) attorney’s fees.  

The Homeowners later filed a traditional motion for
summary judgment alleging that it was entitled to judgment as a matter of law
with regard to the claims made by Zorilla.[1] 
On September 4, 2008, the trial court, after a hearing, granted the Homeowners’
motion for summary judgment addressing the claims made by Zorilla.  Zorilla
appealed the trial court’s September 4, 2008 order, but her appeal was dismissed
for want of prosecution for failing to timely file an appellant’s brief.

Subsequently, on March 24, 2010, the Homeowners filed a
motion for summary judgment on its counterclaims, alleging, among other things,
that it had incurred $54,609.70 in attorney’s fees and expenses.[2]  On June 17,
2010, the trial court, after a hearing, granted the Homeowners’ motion for
summary judgment.  In its order granting summary judgment, the trial court
granted the Homeowners’ attorney’s fees request as to the Griffith & Garza,
L.L.P. law firm but denied attorney’s fees and expenses incurred by the
Passmore Law Firm.  Specifically, the trial court awarded the Homeowners $7,500
to pay for attorney’s fees and expenses for services provided by Griffith &
Garza, L.L.P.     

Shortly thereafter, the Homeowners filed a motion for new
trial, requesting that the trial court grant a new trial to consider increasing
the amount of attorney’s fees awarded to at least $22,836.49, the amount of
attorney’s fees that the Homeowners claimed it had paid to that point.  The
Homeowners’ motion for new trial was overruled by operation of law, see Tex. R. Civ. P. 329b(c), and this
appeal ensued. 

II.           
Analysis

 

In her sole issue on appeal, Zorilla contends that the
trial court erred in granting the Homeowners’ motion for summary judgment on
attorney’s fees because the trial court lacked jurisdiction.[3]  Specifically,
Zorilla argues that the trial court’s September 4, 2008 order granting
Homeowners’ first motion for summary judgment constituted a final order that
disposed of all claims, including both her claims and the Homeowners’
counterclaims; thus, the trial court no longer had jurisdiction over the
attorney’s fees dispute because it was already disposed of in the first summary
judgment order.  The Homeowners counter by arguing that the trial court’s
September 4, 2008 order is “not equivocally clear” as to the trial court’s
“intent to finally dispose of all claims”; instead, the September 4, 2008 order
“expressly addresses the dismissal of [Zorilla’s] claims” but does not address
or acknowledge the Homeowners’ counterclaims.

To address Zorilla’s contentions on appeal, we must
closely examine the language contained in the trial court’s September 4, 2008
summary judgment order to determine whether the order referenced the
Homeowners’ counterclaims and, thus, constituted a final judgment.  See
Chase Manhattan Bank, N.A. v. Lindsay, 787 S.W.2d 51, 53 (Tex. 1990) (“If a
summary judgment does not refer to or mention issues pending in a counterclaim,
then those issues remain unadjudicated.”) (citing Baker v. Hansen, 679
S.W.2d 480, 481 (Tex. 1984); PHB, Inc. v. Goldsmith, 539 S.W.2d 60, 60
(Tex. 1976) (per curiam)).  The order states the following in its entirety:

On
the 4th of September, 2008, came on to be heard Defendant/Counter[-]Plaintiff,
THE HOMEOWNERS OF PLAZAS DEL LAGO, INC. AND INTERVENORS’ Motion for Summary
Judgment as to Plaintiff, Mirta Zorilla.  The Court having considered the
pleadings on file herein, evidence, and arguments, is of the opinion that said
motion should be GRANTED.

 

IT
IS THEREFORE ORDERED, ADJUDGED[,] AND DECREED that Defendant/Counter-Plaintiff,
THE HOMEOWNERS OF PLAZAS DEL LAGO, INC. AND INTERVENORS’ Motion for Summary
Judgment, is granted on all claims, issues[,] and theories of damages with
respect to the causes of action filed [by] Plaintiff, Mirta Zorilla.

 

            IT IS
FURTHER ORDERED, ADJUDGED[,] AND DECREED that Plaintiff, Mirta Zorilla’s causes
of action against Defendant/Counter-Plaintiff, THE HOMEOWNERS OF PLAZAS DEL
LAGO, INC. AND INTERVENORS, are hereby dismissed with prejudice.  The Court
denies all relief not expressly granted in this judgment.

 

            This
judgment is final, disposes of all claims and causes of action of Plaintiff, Mirta
Zorilla and is appealable.

 

            With regard to the finality of judgments, the
Texas Supreme Court, in Lehmann v. Har-Con Corp., 39 S.W.3d 191 (Tex.
2001), has expressed the following:

A
judgment that finally disposes of all remaining parties and claims, based on
the record in the case, is final, regardless of its language. . . .  But the
language of an order or judgment can make it final, even though it
should have been interlocutory, if that language expressly disposes of all
claims and all parties.  It is not enough, of course, that the order or
judgment merely use the word “final.”  The intent to finally dispose of the
case must be unequivocally expressed in the words of the order itself.  But if
that intent is clear from the order, then the order is final and appealable,
even though the record does not provide an adequate basis for rendition of
judgment.  So, for example, if a defendant moves for summary judgment on only
one of four claims asserted by the plaintiff, but the trial court renders
judgment that the plaintiff take nothing on all claims asserted, the judgment
is final—erroneous, but final.

 

Id. at 200 (emphasis in
original).  The Lehmann Court further noted that:

 

Much confusion can be
dispelled by holding, as we now do, that the inclusion of a Mother Hubbard
clause—by which we mean the statement, “all relief not granted is denied,” or
essentially those words—does not indicate that a judgment rendered without a
conventional trial is final for purposes of appeal. . . .  For whatever reason,
the standard Mother Hubbard clause is used in interlocutory orders so
frequently that it cannot be taken as any indication of finality.

 

Id. at 203-04.

            In
the present case, the September 4, 2008 summary judgment order unequivocally
disposes of all of Zorilla’s claims and causes of action, but it does not
reference the Homeowners’ counterclaims.  As such, we cannot say that the trial
court’s September 4, 2008 summary judgment order clearly disposed of all
pending claims and parties.  Essentially, the September 4, 2008 summary
judgment amounted to a partial summary judgment that was not final for purposes
of appeal.[4] 
See Lindsay, 787 S.W.2d at 53 (stating that a partial summary judgment
“is a decision on the merits unless set aside by the trial court” and holding
that the partial summary judgment only “becomes final upon the disposition of
the other issues of the case”).  The fact that Zorilla filed an appeal is of no
consequence because it was dismissed for want of prosecution.  In fact, it
could have also been rejected on the basis that the summary judgment order was
not final.  See Lehmann, 39 S.W.3d at 200, 203-04; see also Tex. Civ. Prac. & Rem. Code Ann. §
51.012 (Vernon Supp. 2010) (providing that appellate courts have jurisdiction
over judgments that are final and such interlocutory orders as the Legislature
specifies are appealable), id. § 51.014 (Vernon 2008) (delineating the
interlocutory orders that are appealable).  Moreover, the inclusion of the word
“final” and the incorporation of the Mother Hubbard clause in the September 4,
2008 summary judgment order cannot convert the order into a final, appealable
order, because the Homeowners’ counterclaims against Zorilla were still
pending.  See Lehmann, 39 S.W.3d at 200, 203-04.  Therefore, because the
September 4, 2008 summary judgment order did not dispose of all pending claims,
the trial court retained jurisdiction over the Homeowners’ counterclaims.  See
Lindsay, 787 S.W.2d at 53; Baker, 679 S.W.2d at 481; PHB, Inc.,
539 S.W.2d at 60.  As such, we cannot say that the trial court lacked
jurisdiction to enter its June 17, 2010 summary judgment order.  See Lindsay,
787 S.W.2d at 53; Baker, 679 S.W.2d at 481; PHB, Inc., 539 S.W.2d
at 60.  Accordingly, we overrule Zorilla’s sole issue on appeal.

III.          
Conclusion

 

We
affirm the judgment of the trial court.

________________________

                                                                                                                Rogelio
Valdez

                                                                                    Chief
Justice

 

 

Delivered and filed the 

10th day of February, 2011.

 









[1] In its first
summary-judgment motion, the Homeowners asserted that the trial court should
enter a take-nothing judgment against Zorilla and that she should pay all costs
of court.  The Homeowners did not request attorney’s fees in their first
summary-judgment motion.

 





[2] Of the
$54,609.70 in attorney’s fees requested by the Homeowners, $24,470.57 in
attorney’s fees and expenses were allegedly incurred by the Passmore Law Firm,
of which the Homeowners’ paid $14,839.49.  The Homeowners asserted that the law
firm Griffith & Garza, L.L.P. incurred $28,701 in attorney’s fees and
$523.58 in expenses, of which the Homeowners paid $6,500.  The Homeowners
further asserted that it would spend an additional $3,000 in trying to collect
attorney’s fees from Zorilla.  The Homeowners attached extensive records
documenting the attorney’s fees incurred throughout these proceedings and an
affidavit from John R. Griffith stating his hourly fee and the hourly fee of
his paralegals, describing the novelty and difficulty of the work involved in
this case, and noting that the amount of attorney’s fees requested were
necessary and reasonable.  See Arthur Andersen & Co. v. Perry Equip.
Corp., 945 S.W.2d 812, 818 (Tex. 1997) (listing a number of factors used to
determine the reasonableness of a request for attorney’s fees).

 

The arguments contained in
Zorilla’s response to the Homeowners’ March 24, 2010 summary judgment motion
mirror her argument on appeal that the trial court’s September 4, 2008 summary
judgment order finally disposed of all the claims of the parties, including the
Homeowners’ request for attorney’s fees; thus, the trial court lacked jurisdiction
to grant the Homeowners’ March 24, 2010 summary judgment motion. 

 





[3] On appeal,
Zorilla does not contend that a genuine issue of fact exists as to the
Homeowners’ request for attorney’s fees or that the Homeowners failed to
establish entitlement to attorney’s fees as a matter of law.  See Provident
Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003)
(stating that when reviewing a traditional motion for summary judgment, we must
determine whether a genuine issue of material fact exists and whether the
movant has established entitlement to the relief requested as a matter of
law).  Rather, Zorilla’s entire appellate argument centers on whether the trial
court had jurisdiction to enter its June 17, 2010 summary judgment order.





[4] The record does
not contain an order severing Zorilla’s claims from the unadjudicated
counterclaims of the Homeowners.  See Chase Manhattan Bank, N.A. v. Lindsay,
787 S.W.2d 51, 53 (Tex. 1990) (“A summary judgment may be granted on separate
issues within a single cause of action. . . .  Such a
summary judgment is partial and interlocutory until all of the issues are
either adjudicated or order[ed] severed by the trial court.”) (citing Tex. R. Civ. P. 166a(a); Pan Am.
Petroleum Corp. v. Tex. Pac. Coal & Oil Co., 159 Tex. 550, 324 S.W.2d
200, 200-01 (1959) (per curiam)); see also Farmer v. Ben E. Keith Co.,
907 S.W.2d 495, 496 (Tex. 1995) (per curiam); Hyundai Motor Co. v. Alvarado,
892 S.W.2d 853, 854-55 (Tex. 1995) (per curiam).