

**NUMBER 13-10-00370-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**MIRTA ZORILLA,** **Appellant,**

**v.**

**THE HOMEOWNERS OF PLAZAS DEL LAGO, INC.,** **Appellee.**

---

**On appeal from the 139th District Court
of Hidalgo County, Texas.**

---

**MEMORANDUM OPINION**

**Before Chief Justice Valdez and Justices Rodriguez and Perkes
Memorandum Opinion by Chief Justice Valdez**

Appellant, Mirta Zorilla, challenges the trial court's summary judgment order on attorney's fees in favor of appellee, The Homeowners of Plazas Del Lago, Inc. ("Homeowners").  In her sole issue on appeal, Zorilla argues that the trial court lacked

jurisdiction to grant the Homeowners' motion for summary judgment on attorney's fees. We affirm.

## I.  BACKGROUND

The dispute in this case stems from actions taken by the Homeowners, an entity purporting to be the homeowners association for the subdivision in which Zorilla lived, to prevent Zorilla from building a fence surrounding her property on land that allegedly was subject to a twenty-five foot express easement.  On December 28, 2005, Zorilla filed a declaratory-judgment action and a request for injunctive relief against the Homeowners regarding the erection of the fence.  The Homeowners subsequently filed an answer denying the claims made in Zorilla's December 28, 2005 filing and asserting counterclaims against Zorilla for:  (1) dissolution of a temporary restraining order that Zorilla procured and a forfeiture of a bond she secured; (2) an abatement of nuisance; (3) statutory damages for Zorilla's alleged breach of the restrictive covenants of the subdivision; (4) a permanent injunction enforcing the subdivision's restrictive covenants; and (5) attorney's fees.

The Homeowners later filed a traditional motion for summary judgment alleging that it was entitled to judgment as a matter of law with regard to the claims made by Zorilla.[1]  On September 4, 2008, the trial court, after a hearing, granted the Homeowners' motion for summary judgment addressing the claims made by Zorilla. Zorilla appealed the trial court's September 4, 2008 order, but her appeal was dismissed for want of prosecution for failing to timely file an appellant's brief.

_____

[1] In its first summary-judgment motion, the Homeowners asserted that the trial court should enter a take-nothing judgment against Zorilla and that she should pay all costs of court.  The Homeowners did not request attorney's fees in their first summary-judgment motion.

Subsequently, on March 24, 2010, the Homeowners filed a motion for summary judgment on its counterclaims, alleging, among other things, that it had incurred $54,609.70 in attorney's fees and expenses.[2] On June 17, 2010, the trial court, after a hearing, granted the Homeowners' motion for summary judgment. In its order granting summary judgment, the trial court granted the Homeowners' attorney's fees request as to the Griffith & Garza, L.L.P. law firm but denied attorney's fees and expenses incurred by the Passmore Law Firm. Specifically, the trial court awarded the Homeowners $7,500 to pay for attorney's fees and expenses for services provided by Griffith & Garza, L.L.P.

Shortly thereafter, the Homeowners filed a motion for new trial, requesting that the trial court grant a new trial to consider increasing the amount of attorney's fees awarded to at least $22,836.49, the amount of attorney's fees that the Homeowners claimed it had paid to that point. The Homeowners' motion for new trial was overruled by operation of law, *see* TEX. R. CIV. P. 329b(c), and this appeal ensued.

## II. ANALYSIS

---

[2] Of the $54,609.70 in attorney's fees requested by the Homeowners, $24,470.57 in attorney's fees and expenses were allegedly incurred by the Passmore Law Firm, of which the Homeowners' paid $14,839.49. The Homeowners asserted that the law firm Griffith & Garza, L.L.P. incurred $28,701 in attorney's fees and $523.58 in expenses, of which the Homeowners paid $6,500. The Homeowners further asserted that it would spend an additional $3,000 in trying to collect attorney's fees from Zorilla. The Homeowners attached extensive records documenting the attorney's fees incurred throughout these proceedings and an affidavit from John R. Griffith stating his hourly fee and the hourly fee of his paralegals, describing the novelty and difficulty of the work involved in this case, and noting that the amount of attorney's fees requested were necessary and reasonable. *See Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997) (listing a number of factors used to determine the reasonableness of a request for attorney's fees).

The arguments contained in Zorilla's response to the Homeowners' March 24, 2010 summary judgment motion mirror her argument on appeal that the trial court's September 4, 2008 summary judgment order finally disposed of all the claims of the parties, including the Homeowners' request for attorney's fees; thus, the trial court lacked jurisdiction to grant the Homeowners' March 24, 2010 summary judgment motion.

3

In her sole issue on appeal, Zorilla contends that the trial court erred in granting the Homeowners' motion for summary judgment on attorney's fees because the trial court lacked jurisdiction.[3] Specifically, Zorilla argues that the trial court's September 4, 2008 order granting Homeowners' first motion for summary judgment constituted a final order that disposed of all claims, including both her claims and the Homeowners' counterclaims; thus, the trial court no longer had jurisdiction over the attorney's fees dispute because it was already disposed of in the first summary judgment order. The Homeowners counter by arguing that the trial court's September 4, 2008 order is "not equivocally clear" as to the trial court's "intent to finally dispose of all claims"; instead, the September 4, 2008 order "expressly addresses the dismissal of [Zorilla's] claims" but does not address or acknowledge the Homeowners' counterclaims.

To address Zorilla's contentions on appeal, we must closely examine the language contained in the trial court's September 4, 2008 summary judgment order to determine whether the order referenced the Homeowners' counterclaims and, thus, constituted a final judgment. *See Chase Manhattan Bank, N.A. v. Lindsay*, 787 S.W.2d 51, 53 (Tex. 1990) ("If a summary judgment does not refer to or mention issues pending in a counterclaim, then those issues remain unadjudicated.") (citing *Baker v. Hansen*, 679 S.W.2d 480, 481 (Tex. 1984); *PHB, Inc. v. Goldsmith*, 539 S.W.2d 60, 60 (Tex. 1976) (per curiam)). The order states the following in its entirety:

> On the 4th of September, 2008, came on to be heard Defendant/Counter[-]Plaintiff, THE HOMEOWNERS OF PLAZAS DEL

---

[3] On appeal, Zorilla does not contend that a genuine issue of fact exists as to the Homeowners' request for attorney's fees or that the Homeowners failed to establish entitlement to attorney's fees as a matter of law. *See Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003) (stating that when reviewing a traditional motion for summary judgment, we must determine whether a genuine issue of material fact exists and whether the movant has established entitlement to the relief requested as a matter of law). Rather, Zorilla's entire appellate argument centers on whether the trial court had jurisdiction to enter its June 17, 2010 summary judgment order.

LAGO, INC. AND INTERVENORS' Motion for Summary Judgment as to Plaintiff, Mirta Zorilla. The Court having considered the pleadings on file herein, evidence, and arguments, is of the opinion that said motion should be GRANTED.

IT IS THEREFORE ORDERED, ADJUDGED[,] AND DECREED that Defendant/Counter-Plaintiff, THE HOMEOWNERS OF PLAZAS DEL LAGO, INC. AND INTERVENORS' Motion for Summary Judgment, is granted on all claims, issues[,] and theories of damages with respect to the causes of action filed [by] Plaintiff, Mirta Zorilla.

IT IS FURTHER ORDERED, ADJUDGED[,] AND DECREED that Plaintiff, Mirta Zorilla's causes of action against Defendant/Counter-Plaintiff, THE HOMEOWNERS OF PLAZAS DEL LAGO, INC. AND INTERVENORS, are hereby dismissed with prejudice. The Court denies all relief not expressly granted in this judgment.

This judgment is final, disposes of all claims and causes of action of Plaintiff, Mirta Zorilla and is appealable.

With regard to the finality of judgments, the Texas Supreme Court, in

*Lehmann v. Har-Con Corp.*, 39 S.W.3d 191 (Tex. 2001), has expressed the

following:

A judgment that finally disposes of all remaining parties and claims, based on the record in the case, is final, regardless of its language. . . . But the language of an order or judgment *can* make it final, even though it should have been interlocutory, if that language expressly disposes of all claims and all parties. It is not enough, of course, that the order or judgment merely use the word "final." The intent to finally dispose of the case must be unequivocally expressed in the words of the order itself. But if that intent is clear from the order, then the order is final and appealable, even though the record does not provide an adequate basis for rendition of judgment. So, for example, if a defendant moves for summary judgment on only one of four claims asserted by the plaintiff, but the trial court renders judgment that the plaintiff take nothing on all claims asserted, the judgment is final—erroneous, but final.

*Id.* at 200 (emphasis in original). The *Lehmann* Court further noted that:

Much confusion can be dispelled by holding, as we now do, that the inclusion of a Mother Hubbard clause—by which we mean the statement, "all relief not granted is denied," or essentially those words—does not indicate that a judgment rendered without a conventional trial is final for

5

> purposes of appeal. . . . For whatever reason, the standard Mother Hubbard clause is used in interlocutory orders so frequently that it cannot be taken as any indication of finality.

*Id.* at 203-04.

In the present case, the September 4, 2008 summary judgment order unequivocally disposes of all of Zorilla's claims and causes of action, but it does not reference the Homeowners' counterclaims. As such, we cannot say that the trial court's September 4, 2008 summary judgment order clearly disposed of *all* pending claims and parties. Essentially, the September 4, 2008 summary judgment amounted to a partial summary judgment that was not final for purposes of appeal.[4] *See Lindsay*, 787 S.W.2d at 53 (stating that a partial summary judgment "is a decision on the merits unless set aside by the trial court" and holding that the partial summary judgment only "becomes final upon the disposition of the other issues of the case"). The fact that Zorilla filed an appeal is of no consequence because it was dismissed for want of prosecution. In fact, it could have also been rejected on the basis that the summary judgment order was not final. *See Lehmann*, 39 S.W.3d at 200, 203-04; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.012 (Vernon Supp. 2010) (providing that appellate courts have jurisdiction over judgments that are final and such interlocutory orders as the Legislature specifies are appealable), *id.* § 51.014 (Vernon 2008) (delineating the interlocutory orders that are appealable). Moreover, the inclusion of the word "final" and the incorporation of the Mother Hubbard clause in the September 4, 2008 summary

---

[4] The record does not contain an order severing Zorilla's claims from the unadjudicated counterclaims of the Homeowners. *See Chase Manhattan Bank, N.A. v. Lindsay*, 787 S.W.2d 51, 53 (Tex. 1990) ("A summary judgment may be granted on separate issues within a single cause of action. . . . Such a summary judgment is partial and interlocutory until all of the issues are either adjudicated or order[ed] severed by the trial court.") (citing TEX. R. CIV. P. 166a(a); *Pan Am. Petroleum Corp. v. Tex. Pac. Coal & Oil Co.*, 159 Tex. 550, 324 S.W.2d 200, 200-01 (1959) (per curiam)); *see also Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex. 1995) (per curiam); *Hyundai Motor Co. v. Alvarado*, 892 S.W.2d 853, 854-55 (Tex. 1995) (per curiam).

6

judgment order cannot convert the order into a final, appealable order, because the Homeowners' counterclaims against Zorilla were still pending. *See Lehmann*, 39 S.W.3d at 200, 203-04. Therefore, because the September 4, 2008 summary judgment order did not dispose of all pending claims, the trial court retained jurisdiction over the Homeowners' counterclaims. *See Lindsay*, 787 S.W.2d at 53; *Baker*, 679 S.W.2d at 481; *PHB, Inc.*, 539 S.W.2d at 60. As such, we cannot say that the trial court lacked jurisdiction to enter its June 17, 2010 summary judgment order. *See Lindsay*, 787 S.W.2d at 53; *Baker*, 679 S.W.2d at 481; *PHB, Inc.*, 539 S.W.2d at 60. Accordingly, we overrule Zorilla's sole issue on appeal.

### III. CONCLUSION

We affirm the judgment of the trial court.

_____
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
10th day of February, 2011.

7