IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00355-CV

 

Texas Department of Public Safety,

                                                                                    Appellant

 v.

 

Scott Terrence Greathouse,

                                                                                    Appellee

 

 



From the 82nd District
Court

Robertson County, Texas

Trial Court No. 10-06-18,605-CV

 



MEMORANDUM  Opinion










 

            The Texas Department of Public Safety
appeals from the trial court’s reversal of an administrative law judge’s
suspension of Scott Greathouse’s driver’s license for refusing to submit to
giving a breath or blood specimen after his arrest for driving while intoxicated. 
Tex. Transp. Code Ann. §§
724.035, 724.042 (West Supp. 2010).  The trial court determined that the
administrative judge erred in its determination that the arresting officer had
probable cause to arrest Greathouse.  DPS complains that the trial court erred
by reversing the administrative finding regarding probable cause to arrest
Greathouse.  Because we find that the trial court erred, we will reverse the
judgment and reinstate the suspension as ordered by the administrative law
judge.

Background

            Greathouse was stopped for
speeding at a rate of 94 miles per hour in a 70 mile per hour zone in the
afternoon hours.  After the traffic stop was initiated, Greathouse exited his
vehicle at the arresting officer’s request.  Upon exiting, Greathouse exhibited
difficulties balancing.  He had to lean against his vehicle and stumbled and
swayed.  Greathouse was slow to respond to questions asked to him and his
demeanor was trance-like and oblivious.  Greathouse admitted to taking
hydrocodone.  Greathouse refused to perform field sobriety testing or to
provide a specimen of breath or blood when requested. 

            After reviewing the offense
report, Greathouse’s driving record, and hearing testimony from the arresting
officer, the administrative law judge (ALJ) entered an order suspending
Greathouse’s driving privileges for two years.  Greathouse appealed that
decision to the trial court.  The trial court reversed the judgment of the ALJ
and ordered that the suspension be lifted.

Standard of Review

“[C]ourts review administrative
license suspension decisions under the substantial evidence standard.”  Mireles
v. Tex. Dep’t of Pub. Safety, 9 S.W.3d 128, 131 (Tex. 1999); see Tex. Transp. Code Ann. § 724.047
(Vernon 1999) (“Chapter 524 governs an appeal from an action of the department,
following an administrative hearing under this chapter, in suspending or
denying the issuance of a license.”); id. § 524.043 (Vernon 2007)
(establishing rules for appeal but not defining the scope of review).  In
contested cases, if more than a scintilla of evidence supports the
administrative findings, we affirm those findings; “[i]n fact, an
administrative decision may be sustained even if the evidence preponderates
against it.”  Mireles, 9 S.W.3d at 131.  Courts may not substitute their
judgment for 

the judgment of the state agency on the
weight of the evidence on questions committed to agency discretion but . . .
(2) shall reverse or remand the case for further proceedings if substantial
rights of the appellant have been prejudiced because the administrative
findings, inferences, conclusions, or decisions are: . . . (E) not reasonably
supported by substantial evidence considering the reliable and probative
evidence in the record as a whole. . . .

 

Tex. Gov’t Code
Ann. § 2001.174 (Vernon 2008).
 We review the trial court’s substantial evidence review of
the administrative ruling de novo.  See Tex. Dep't of Pub. Safety v. Alford,
209 S.W.3d 101, 103 (Tex. 2006) (noting that the ALJ’s findings are entitled to
deference but that “whether there is substantial evidence to support an
administrative decision is a question of law” and as such, neither
county court nor the ALJ’s determination of issue is entitled to deference
on appeal).

License suspension

Under the Transportation Code, if a
peace officer arrests a person and he has reasonable grounds to believe that
the person is driving while intoxicated, he may request specimens of the
person’s breath or blood.  Tex. Transp.
Code Ann. § 724.012(a)(1) (Vernon Supp. 2009).  If the person refuses to
submit to the taking of a specimen, the Department must suspend the person’s
license to operate a motor vehicle on a public highway.  Id. § 724.035
(Vernon Supp. 2009).  If a person’s license is suspended under this chapter, he
may request a hearing on the suspension.  Id. § 724.041 (Vernon Supp.
2009).  

At the hearing before the trial court,
the sole issue of which Greathouse complained is “whether probable cause
existed to believe that the person was operating a motor vehicle in a public
place while intoxicated.”  Id. § 724.042 (Vernon Supp. 2009).  Applying
the applicable standard of review, then, the reviewing
court must uphold the administrative decision if the record contains
substantial evidence to support an affirmative finding on this issue.

Probable cause to believe that
Greathouse was driving while intoxicated

A license
suspension is a civil matter, requiring only probable cause to believe the
driver was driving while intoxicated.  See Tex. Transp. Code Ann. § 724.048(a) (Vernon 1999); Mireles,
9 S.W.3d at 131.  Probable cause to arrest exists when the facts and
circumstances that are apparent to the arresting officer support a reasonable
belief that an offense has been or is being committed.  Amores v. State,
816 S.W.2d 407, 413 (Tex. Crim. App. 1991).  Probable cause requires more than
a suspicion but far less evidence than that needed to support a conviction or
to support a finding by a preponderance of the evidence.  See Guzman v.
State, 955 S.W.2d 85, 87 (Tex. Crim. App. 1997).

            The ALJ’s findings of fact
relevant to this issue were: (1) that the officer had reasonable suspicion to
stop Greathouse because he was traveling 94 mph in a 70 mph zone as determined
by radar, and (2) that the officer had probable cause to arrest Greathouse
because, in addition to Greathouse’s speeding, he had unsteady balance and
admitted consuming prescription medication prior to operating the vehicle.

Analysis

            We find that there was
substantial evidence to support the ALJ’s finding of probable cause to arrest
Greathouse.  Greathouse’s speed, lack of balance and leaning on his vehicle for
support, inability to promptly answer questions posed to him, refusal to comply
with the officer’s requests to perform the field sobriety testing or to provide
a breath or blood specimen, and admission of ingesting hydrocodone, a
controlled substance, was sufficient to establish probable cause that
Greathouse was driving while intoxicated as a result of the introduction of a
drug into his body.  See generally Arthur v. State, 216 S.W.3d 50, 55-56
(Tex. App.—Fort Worth 2007, no pet.) (speeding); Waller v. State, No.
05-09-00097-CR, 2009 Tex. App. LEXIS 9338 (Tex. App.—Dallas Dec. 9, 2009, no
pet.) (mem. op., not designated for publication) (refusal to complete sobriety
testing or provide specimen and unsteady balance factors in determining guilt
of driving while intoxicated based on drugs rather than alcohol); Bartlett
v. State, 270 S.W.3d 147, 153 (Tex. Crim. App. 2008) (evidence of refusal
to submit to breath test “tends to show consciousness of guilt” and is relevant
in DWI case); Griffith v. State, 55 S.W.3d 598, 601 (Tex. Crim. App.
2001) (“[s]ince the definition of ‘intoxicated’ includes ‘not having the normal
use of mental or physical faculties,’ any sign of impairment in [speech] would
be circumstantially relevant [in a DWI case.]”); Cotton v. State, 686
S.W.2d 140, 142 n.3 (Tex. Crim. App. 1985) (signs of intoxication include
slurred speech and unsteady balance); Paschall, 285 S.W.3d at 178 (lack
of smell of alcohol on breath factor from which jury could infer intoxication
from controlled substance, drug, combination of those substances, or any
substance).

            The trial court erred in
reversing the decision of the administrative law judge.  We sustain the
Department’s issue.  

Conclusion

Substantial evidence supports the ALJ’s
decision to suspend Greathouse's driver’s license under sections 724.042 and
724.035 of the Texas Transportation Code. We therefore reverse the judgment of
the trial court and render judgment reinstating the suspension of Greathouse’s
driving privileges.  See Tex.
Gov’t Code Ann. § 2001.174(1).

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Davis, and

            Justice
Scoggins

Reversed
and rendered

Opinion
delivered and filed March 23, 2011

[CV06]






ciary duty owed them (Braddy and Sobotka) as holders of common stock. They
breached that duty, according to the plaintiffs, by "forcing upon PCT an unreasonably low
conversion price of $0.50 per share," thereby diluting Braddy's and Sobotka's ownership of
common stock, and by "exercising control over the management of the affairs of PCT in such
manner as to benefit themselves at the expense of Plaintiffs." Braddy and Sobotka sue to recover
the difference between the value of their stock, unaffected by the breach of fiduciary duty, and the
diminished value of the stock resulting from the breach.  
SUMMARY JUDGMENT GROUNDS
      Defendants asserted these grounds for a summary judgment on Braddy's actions for tortious
interference and duress: (1) there was no tortious interference as a matter of law because Braddy
voluntarily agreed to the changes in his contracts with PCT; (2) as investors and stockholders in
PCT, defendants were as a matter of law justified and privileged in forcing changes in Braddy's
contracts with the company; and (3) there was no duress as a matter of law because the demand
notes were due and DSC and HVP, as holders of the notes, could therefore lawfully threaten to
exercise their rights under the notes. Defendants also moved for a summary judgment on Braddy's
and Sobotka's derivative actions for breach of fiduciary duty, which they asserted in their first
amended petition. Braddy and Sobotka argue in point three, however, that the defendants never
moved for a summary judgment against their actions for breach of fiduciary duty, which they
asserted in their own right in the second amended petition. We agree with their contention.
LACK OF JURISDICTION
      Braddy alleged three causes of action in his own behalf in the second amended
petition—tortious interference with existing contracts, duress, and breach of fiduciary duty. 
Sobotka, on the other hand, sued individually only for breach of fiduciary duty. A summary
judgment must dispose of all parties and issues to be final and appealable. Chase Manhattan
Bank, N.A. v. Lindsay, 787 S.W.2d 51, 53 (Tex. 1990). Therefore, the crucial question is
whether the defendants ever moved for a summary judgment against the plaintiffs' individual
claims for breach of a fiduciary duty. If not, then the summary judgment would be interlocutory
and non-appealable because it did not dispose of all the issues between the parties. See id. Under
that circumstance, the proper disposition is to dismiss for want of jurisdiction. Martinez v.
Humble Sand & Gravel, Inc., 875 S.W.2d 311, 312 (Tex. 1994). To answer the question raised
by the third point, we must examine the first amended petition, the motion for summary judgment,
and the second amended petition.
      Braddy and Sobotka asserted in their first amended petition claims for breach of fiduciary
duty, "both as a direct action and as a shareholder derivative action." They alleged that the
defendants (1) are fiduciaries of PCT and therefore should be held accountable under the higher
standard of care, and that (2) they breached their fiduciary duties by exercising control over PCT's
affairs in a way that benefitted themselves at the company's expense. Their breach was asserted
to be a proximate cause of PCT's damages, which were alleged to be the difference between the
company's value as an on-going concern—had the defendants not breached their fiduciary
duties—and the then current value of PCT, as well as the "corresponding diminution in the value
of Plaintiffs' shares." The amount of loss suffered by Braddy and Sobotka and by PCT was
alleged to exceed the trial court's minimum jurisdictional limit. 
      Defendants, who moved for a summary judgment on the causes of action asserted in the first
amended petition, alleged in the motion that Braddy and Sobotka could not as a matter of law
recover individually for damages sustained by PCT, even though their stock might have declined
in value as a result of the damage inflicted on the company. See Wingate v. Hajdik, 795 S.W.2d
717, 719 (Tex. 1990). Defendants contended that the plaintiffs lacked standing to assert an
individual recovery based on breach of fiduciary duties owed to the corporation.
      Apparently in response to the motion, Braddy and Sobotka filed a second amended petition
in which they dropped all derivative actions and, instead, asserted a right of recovery based solely
on the breach of a fiduciary duty owed to them, individually, rather than to PCT. They no longer
alleged, for example, that the breach was a proximate cause of the company's damage, but asserted
instead that the breach proximately caused them loss in the value of their stock. This amended
pleading, filed after the motion for summary judgment, clearly asserted only individually-held
causes of action. Rather than amending their motion for summary judgment, the defendants
elected to stand on their original motion, which sought a summary judgment on the derivative
claims for breach of fiduciary duty.
      The court granted the motion without specifying the grounds on which it acted. However,
the court could not enter a summary judgment on a ground not included in the motion. See
McConnell v. Southside School Dist., 858 S.W.2d 337, 340 (Tex.1993). Consequently, not
having granted summary judgment on Braddy's and Sobotka's direct claims for breach of fiduciary
duty, the court allowed those unadjudicated actions to remain pending below. See Lindsay, 787
S.W.2d at 53. The summary judgment is thus interlocutory and non-appealable because it does
not dispose of all the issues between the parties. See id. Our conclusion in this regard is
buttressed by the summary judgment, in which the trial court marked through the word "Final"
in the heading and text of the document and, additionally, marked through the "Mother Hubbard"
language immediately above the judge's signature. Of course, the court could have converted the
partial, interlocutory summary judgment into a final, appealable one by severing the unadjudicated
causes, but that was never done. See Mafrige v. Ross, 866 S.W.2d 590, 591 (Tex. 1993). Faced
with an interlocutory summary judgment, we dismiss the cause for want of jurisdiction. See
Martinez, 875 S.W.2d at 312. 
 
                                                                         BOB L. THOMAS
                                                                         Chief Justice
Before Chief Justice Thomas,
      Justice Vance, and
      Justice James (Retired)
Dismissed for want of jurisdiction
Opinion delivered and filed October 5, 1994
Do not publish
[WITHDRAWN BY ORDER 11-9-94]