**Affirm and Opinion Filed August 17, 2021**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-19-01054-CV

### ANTONIO CABALLERO, Appellant
### V.
### WILMINGTON SAVINGS FUND SOCIETY, FSB, Appellee

**On Appeal from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-04357**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Smith[1]
Opinion by Justice Pedersen, III

Appellant Antonio Caballero sued appellee Wilmington Savings Fund

Society, FSB, (Wilmington) for breach of contract relating to a deed of trust on

property located at 14105 Rocksprings Court, Dallas, Texas, 75254 (Property).

Wilmington moved for summary judgment, asserting Caballero's suit was barred by

res judicata. After response from Caballero and a hearing, the trial court granted

---

[1] Justice Bonnie Lee Goldstein was previously a member of this panel. However, Justice Goldstein presided over proceedings in the underlying suit. For that reason, our Court substituted Justice Craig Smith in place of Justice Goldstein. Justice Smith joins in the opinion, having reviewed the briefs and record.

Wilmington's motion for summary judgment. Caballero raises one issue to our Court. We affirm the trial court's judgment.

## I. BACKGROUND

### A. Property Purchase, First Suit, and Prior Appeal

Caballero purchased the Property in 2006 after borrowing $514,450 from World Savings Bank pursuant to a thirty-year note and a deed of trust. In 2016, the note and deed of trust were assigned to Wilmington as trustee for Normandy Mortgage Loan Trust. In 2017, Caballero sued Rushmore Loan Management Services LLC (Rushmore) and Wilmington to stop a foreclosure on the Property. The trial court's cause number in this first case was DC-17-07665, and the case was assigned to the Honorable Judge Eric Moye. In this first suit, Caballero alleged causes of action for wrongful foreclosure, breach of the deed of trust, violations of the Texas Debt Collection Practices Act, usury, and suit to quiet title. Caballero sought damages and injunctive relief.

During this first suit, the trial court entered a temporary restraining order barring the foreclosure. Thereafter, Rushmore and Wilmington moved for summary judgment on Caballero's claims. The trial court granted summary judgment against Caballero, and he appealed to this Court. Both Rushmore and Wilmington were the appellees in the prior appeal. After review of the briefs and the record, we affirmed the judgment of the trial court. *Caballero v. Rushmore Loan Mgmt. Services LLC*,

No. 05-19-00298-CV, 2020 WL 1685418, at *1 (Tex. App.—Dallas Apr. 7, 2020,

no pet.) (mem. op.).

**B. Second Suit and Summary Judgment**

On March 27, 2019, Caballero filed a suit against Wilmington with a verified

petition stating:

> Defendant is the Plaintiff's mortgage holder, which is attempting to sell
> Plaintiff's homestead on April 2, 2019, through a foreclosure sale.
>
> . . . .
>
> The Texas Property Code requires a mortgage lender to provide a
> Notice of Default and opportunity to cure given to the borrower.
> Plaintiff has received no notice of the same as required by both the
> security documents and the property code. This constitutes a breach of
> contract of contract [sic] for which Plaintiff sues, requesting actual
> damages, attorney fees and costs of court.

Thus, Caballero's suit is based upon Wilmington's alleged failure to give

Caballero required notices under the "security documents and property code."

Wilmington answered and filed a motion for summary judgment on June 27, 2019.

Wilmington's summary judgment asserted, in part, that Caballero's claim was barred

by res judicata. Caballero responded,[2] and Judge Moye held a hearing on the motion

for summary judgment on July 25, 2019. The following exchange occurred during

the hearing:

> Judge Moye: Tell me why the case which you have brought, 19-4357,
> was not a claim that should have been resolved in the first case, 17-
> 7665.

---

[2] Caballero attached no evidence to his response to Wilmington's motion for summary judgment.

> Caballero's Counsel: The answer to the question, Your Honor, would be is that the issue is that's a different individual trying to exercise a foreclosure matter. It says Wilmington Funding, that's the confusing part. It's Wilmington Funding as trustee for a different entity.

Judge Moye: Just a minute. Mr. Traynor?

> Wilmington's Counsel: Your Honor, the current Plaintiff [sic] in this case is successor-in-interest as has been shown by the assignments attached to my motion.

> Caballero's Counsel: And, Your Honor, we would argue those assignments are not—they're not recorded in the right order. They're dated the same day –

Judge Moye: Doesn't matter whether they're recorded or filed or not, does it? The case should—The case, it seems to me,—The argument of the Defense is, this should have been raised in the—in the first case.

> Caballero's Counsel: I think, Your Honor, the issue is when the first case was going, the first case was the second assignment. The assignment that was recorded second in time was that—was that Defendant in that first case. When they come to do the Notice of Foreclosure sale in this case they use a different Defendant to foreclose on that property. That notice was the first notice that was recorded before the second assignment, and that's—that's the issue that we see in this case, Your Honor, and why there's— they're distinct cases.

The trial court granted summary judgment on the record and entered a written order, which states:

> **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment is granted as to all relief sought.

Caballero appealed thereafter.

## II.    Issue Raised on Appeal

Caballero raises a single issue on appeal:

Whether the Trial Court Erred in granting Appellee's No-Evidence and
Traditional Motion for Summary Judgment in spite of the fact that there
is more than a "scintilla" of evidence in support of Appellant's claims.

## III.    Standard of Review

We review a trial court's summary judgment decision de novo. *Valence
Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). "Our de novo standard
of review extends to both traditional and no evidence summary judgments." *Flood
v. Katz*, 294 S.W.3d 756, 761 (Tex. App.—Dallas 2009, pet. denied) (citing *Shaun
T. Mian Corp. v. Hewlett–Packard Co.*, 237 S.W.3d 851, 855 (Tex. App.—Dallas
2007, pet. denied)). "When a trial court's order does not specify the grounds for its
summary judgment, an appellate court must affirm the summary judgment if any of
the theories presented to the trial court and preserved for appellate review are
meritorious." *Headington Royalty, Inc. v. Finley Res., Inc.*, 623 S.W.3d 480 (Tex.
App.—Dallas 2021, no pet. h.), reh'g denied (May 21, 2021) (quoting *Fitness
Evolution, L.P. v. Headhunter Fitness, L.L.C.*, No. 05-13-00506-CV, 2015 WL
6750047, at *22 (Tex. App.—Dallas Nov. 4, 2015, no pet.) (mem. op. on reh'g)).

## IV.    Discussion

### A. Res Judicata

"Res judicata, or claims preclusion, prevents the relitigation of a claim or
cause of action that has been finally adjudicated, as well as related matters that, with

the use of diligence, should have been litigated in the prior suit." *Barr v. Resolution Tr. Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 628 (Tex. 1992); *see also Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007). Accordingly, res judicata bars claims when there is "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims that were raised or could have been raised in the first action." *Daccach*, 217 S.W.3d at 449; *see also Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996). We next address whether these elements apply to the case before us.

### 1) Prior Final Judgment on the Merits

Wilmington asserts the first suit was resolved on the merits by a court of competent jurisdiction. Neither Caballero's briefing nor response to the motion for summary judgment dispute this assertion. The record contains the trial court's prior order granting summary judgment against Caballero from the first suit. In our prior opinion, we addressed the alleged breach of the deed of trust claim as a breach of contract:

> *Caballero's claim for breach of the deed of trust is one for breach of contract. The elements for breach of contract are (1) the existence of a valid contract, (2) the plaintiff's performance or tendered performance, (3) the defendant's breach of the contract, and (4) damages as a result of the breach. Paragon Gen. Contractors, Inc. v. Larco Constr., Inc., 227 S.W.3d 876, 882 (Tex. App.—Dallas 2007, no pet.). Appellees moved for summary judgment on the ground that Caballero had no evidence he performed or tendered performance, that appellees*

breached the deed of trust, or that Caballero suffered damages as a result of the breach.

The deed of trust defined "Lender" as meaning "World Savings Bank, FSB, its successors and/or assignees." (Capitalization omitted.) Therefore, Caballero had the burden of presenting some evidence that Rushmore was not a successor or assignee of World Savings Bank. The only evidence Caballero presented was his declaration. In it, he does not provide evidence that Rushmore was not the successor or assignee of World Savings Bank. The record shows that Rushmore became the loan servicer after Carrington, but nothing shows it did not have authority to enter into the 2015 modification. Accordingly, *Caballero has not presented any evidence that appellees breached the deed of trust*.

. . . .

We conclude the trial court did not err by granting appellees' motion for summary judgment on Caballero's claim for breach of the deed of trust.

*Caballero*, 2020 WL 1685418, at *4 (emphasis added). We further held in the first appeal that the trial court did not err in granting Wilmington and Rushmore's summary judgment in the first suit as they specified elements of each of Caballero's causes of action—on which Caballero had the burden of proof—that lacked evidentiary support. *Caballero*, 2020 WL 1685418, at *7 (citing Tex. R. Civ. P. 166a(i)). Thus, the trial court's summary judgment in the first suit, which we affirmed, disposed of all parties and issues in the lawsuit. We conclude there was a prior final judgment on the merits. *See Chase Manhattan Bank, N.A. v. Lindsay*, 787 S.W.2d 51, 53 (Tex. 1990) ("To be final, a summary judgment must dispose of all

parties and issues in a lawsuit."). Accordingly, the first element of a suit barred by res judicata is met.

2) *Identity of Parties or Those In Privity With Them*

Wilmington asserts the parties before us in this appeal and the parties involved in the first suit "are identical or in privity." Caballero responds that the first suit "was against a different Trust managed by Wilmington Savings Fund Society." The record shows, and Caballero does not dispute, that "Wilmington Savings Fund Society, FSB" was a named codefendant in the first suit. Nevertheless, Caballero asserts, without citation, the "two different trusts mean that the cases were brought against two different entities." We found no such supporting evidence in the record. To the contrary, the record shows (i) the names of the parties and documents are identical and (ii) the documents refer to the same underlying deed of trust as those in the first suit and prior appeal. We conclude the identities of the parties or those in privity with them in the instant case before our Court are the same as those in the first suit and prior appeal. The second element of a suit barred by res judicata is met.

3) *Second Action Based on the Same Claims that were Raised or Could Have Been Raised in the First Action*

Wilmington asserts that the claim brought in this second suit could have been litigated in the first suit because the claim arises out of identical facts. Caballero responds (i) that this suit was initiated to enjoin a foreclosure pending on April 2,

2019, and (ii) that "[d]ifferent foreclosures mean these cases are based on a different set of facts." Caballero offers no authority to support his assertions.

The record shows the deed of trust security agreement is dated March 13, 2006. The record shows that (i) the deed of trust instructed "notices required under [the] security instrument . . . will be addressed to [Caballero] at 14105 Rocksprings Ct, Dallas, TX 75243-8603" and (ii) the notices Caballero complains of were mailed on September 12, 2016, to P.O. Box 801553, Dallas, Texas, 75380. Caballero's first suit against Wilmington—as a codefendant—was filed on June 29, 2017. In his briefing, Caballero argues "appellant has never received the Notice of Default and Opportunity to cure from [Wilmington] as required by Texas Property Code [§] 51.002(d).[3] However, in *Caballero*, we held:

> Caballero argued in his response to the motion for summary judgment and he argues on appeal that *appellees breached the deed of trust by violating sections 51.002* and 51.0025 *of the Property Code by . . . failing to give Caballero statutorily required notices*. Caballero did not plead any of these violations. *See* TEX. PROP. CODE ANN. §§ 51.002, .0025.
>
> . . . .

---

[3] Texas Property Code § 51.002(d) provides:

(d) Notwithstanding any agreement to the contrary, the mortgage servicer of the debt shall serve a debtor in default under a deed of trust or other contract lien on real property used as the debtor's residence with written notice by certified mail stating that the debtor is in default under the deed of trust or other contract lien and giving the debtor at least 20 days to cure the default before notice of sale can be given under Subsection (b). The entire calendar day on which the notice required by this subsection is given, regardless of the time of day at which the notice is given, is included in computing the 20-day notice period required by this subsection, and the entire calendar day on which notice of sale is given under Subsection (b) is excluded in computing the 20-day notice period.

TEX. PROP. CODE ANN. § 51.002(d).

> . . . Caballero also complains that . . . the notices of default and opportunity to cure . . . were given improperly, did not comply with statutory requirements, and constituted inherently false and deceptive means of collecting the loan. Those documents are not in the record, and the record contains no evidence of any of those documents, whether they failed to meet the requirements for those documents, or whether they were false or deceptive.

*Caballero*, 2020 WL 1685418, at *4-5. Thus, Caballero could have raised—and indeed, attempted to raise—his claim that Wilmington failed to give him statutorily–required notices in the first suit and prior appeal. *See Daccach*, 217 S.W.3d at 449 ("Under the transactional approach followed in Texas, a subsequent suit is barred if it arises out of the same subject matter as the prior suit, and that subject matter could have been litigated in the prior suit."). We must conclude Caballero's breach of contract claim for failure to give notice as required by the Texas Property Code was raised and could have been pled in his prior action against Wilmington. *See id.* The third element of a suit barred by res judicata is met.

As all three res judicata requirements are met, we conclude Caballero's second lawsuit was barred by res judicata. Consequently, we conclude the trial court did not err in granting summary judgment against Caballero. We overrule Caballero's sole issue.

## V.    CONCLUSION

Having overruled Caballero's sole issue, we affirm the judgment of the trial court.

|  | /Bill Pedersen, III// |
|---|---|
| 191054f.p05 | BILL PEDERSEN, III<br>JUSTICE |



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

ANTONIO CABALLERO,
Appellant

No. 05-19-01054-CV      V.

WILMINGTON SAVINGS FUND
SOCIETY, FSB, Appellee

On Appeal from the 14th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-19-04357.
Opinion delivered by Justice
Pedersen, III. Justices Partida-
Kipness and Smith participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee WILMINGTON SAVINGS FUND SOCIETY, FSB recover its costs of this appeal from appellant ANTONIO CABALLERO.

Judgment entered this 17th day of August, 2021.